Maggie E. Agnew, Respondent, v. Ancient Order of United Workmen, Appellant.

April 7, 1885.

Mutual Benefit Societies—Forfeiture of Benefits—Assessments.
—Under the constitution of a mutual benefit society which requires notice of assessments to be given, a defense to an action for a death benefit, on the ground that the member had failed to pay an assessment, fails where there is no proof of notice that an assessment had been made.

Appeal from the St. Louis Circuit Court, Adams, J. Affirmed.

Jay L. Torrey, for the appellant.

George D. Reynolds, for the respondent. It must appear by the evidence, that the officers of the defendant were entitled to make an assessment in January; that they did make it, in the manner provided by

the law of the society; and that Agnew was lawfully notified of the assessment, or the pretended suspension is void.—*Omlstead v. Farmers' Mut. Ins. Co.*, 12 Ins. L. J. 763; *Casner v. Farmers' Mut. Ins. Co.*, 12 Ins. L. J. 405; *Knights of Honor v. Johnson*, 11 Ins. L. J. 251.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff is the widow of Samuel H. Agnew, deceased, who was a member of Lee Lodge No. 61, located at Edina, Missouri, of the defendant Order, a benevolent corporation. She obtained judgment in this case for $2,000, with interest, for the death benefit appurtenant to membership, under the constitution of the Order. The defense was set up, that the obligation to pay the benefit was expressly conditioned upon the proviso that "said member shall have complied in all particulars with the laws, regulations, and requirements of the Order;" and that the deceased member, in this case, failed so to comply with said laws, regulations, and requirements, in this: That, on January 1, 1883, an assessment of one dollar, for the beneficiary fund, was made upon each member of the Order, payable on or before the 28th day of the same month, in accordance with the constitution and by-laws, of which due notice was given to Agnew, but he failed and refused to pay the same, and was thereupon on January 29, 1883, duly suspended from all the privileges of membership including the right of participation in the death benefits. This defense, if sustained by the proofs, should be sufficient to defeat the plaintiff's claim. Agnew died on March 16, 1883.

The constitution of the Order, after providing for notices of deaths, as they may occur, to be given to the Grand Recorder, and by him transmitted to all the subordinate lodges within his jurisdiction, proceeds thus:

"*Assessments.*—Each Subordinate Lodge shall then make an assessment of one dollar upon each member holding a certificate, or having received the M. W. degree (*provided*, such member has received his certificate or M. W. degree prior to the date of the death on which the assessment is made). Written or printed notices of

assessments shall be made and sent by the Financier, not later than the 8th day of the month in which the notice was issued by the Grand Recorder."

No competent testimony was offered to show that an assessment was ever made, as alleged, in conformity with this constitutional regulation. On the contrary, it was affirmatively shown from the records of the subordinate lodge of which the deceased was a member, that no meeting of that lodge was held from July 7, 1882, up to March 13, 1883; so that there was no possibility of a lawful assessment in the month of January. No assessment for any other month was averred in the answer. There was an attempt to show from memoranda in the books of the Grand Recorder that Agnew had failed to pay an assessment, and was therefore suspended. But this was wholly incompetent for any such purpose. The constitution confers no power on the Grand Recorder to assess a member, or to suspend him. His functions in that connection end with his notice sent to each subordinate lodge, wherein the assessment must be officially made against its own members. It does not appear that he is the proper officer to make an authentic record of the proceedings of a subordinate lodge. There appeared also a notice issued by the Grand Recorder to the subordinate lodges, dated January 1, 1883, to the effect that the members must pay "this assessment," on or before the 28th of the same month, to the Financiers of their respective lodges. But on the same paper appears a receipt signed by the Financier of Lee Lodge No. 61, without date, showing that Samuel H. Agnew has paid the assessment. Aside from this, however, the notice, for reasons already stated, would furnish no proper evidence that an assessment had been made in conformity with the constitution.

The total failure of proof on a point so essential to the affirmative defense relied on, renders it unnecessary to examine other questions discussed by counsel. Upon the issues, as submitted, no judgment was possible otherwise than for the plaintiff. All the judges concurring, the judgment is affirmed,