## UNDERWOOD v. THE IOWA LEGION OF HONOR.

1. **Life Insurance**: IOWA LEGION OF HONOR: FORFEITURE OF MEMBERSHIP BY FAILURE TO PAY ASSESSMENT: CUSTOM OF ORDER. Plaintiff's husband was a member of the defendant order, and by virtue thereof plaintiff was entitled to recover $2,000 of the defendant, unless he had forfeited his membership by neglecting to pay an assessment; but, as the pretended assessment was not made in accordance with the provisions of the constitution of the order, (for facts see opinion,) *held* that plaintiff's husband did not forfeit his membership by neglecting to pay it. And the fact that it was made in accordance with the custom of the order is immaterial, unless it is shown that he had knowledge of such custom.

2. ———: ———: RETENTION OF ASSESSMENT IRREGULARLY PAID: RECOVERY OF COMPANY. Where an assessment was paid before the death of a member, but the defendant claimed that it was not paid in due time, *quaere* whether it could, without returning or offering to return the money so paid, refuse to pay the insurance to the member's beneficiary.

*Appeal from Hardin Circuit Court.*

FRIDAY, APRIL 24.

THE defendant is a corporation existing and doing business under the laws of Iowa. The plaintiff, in her petition, claimed that defendant obligated itself to pay her $2,000, as part of a beneficiary fund, upon the death of David Underwood. Trial to the court, judgment for the plaintiff, and defendant appeals.

*J. B. Young*, for appellant.

*Stivers & Louthan*, for appellee.

SEEVERS, J.—The business of the defendant is life insurance. In pursuance of certain rules and regulations, it bound itself to collect and pay a specified sum upon the death of each member of the order. The defendant is designated as the "Grand Lodge," and there are subordinate lodges. David Underwood was a member of one of such subordinate lodges, designated and known as "Doran Lodge, No. 105." The defendant issued to him a certificate of membership, which entitled the plaintiff to the sum of $2,000 upon his death, provided that at such time he was a member of the order, and had complied with "all the laws, rules and regulations thereof." To pay death losses, the members of the order were from time to time assessed and required to pay a stated sum. Upon their failure to do so, they ceased to be members, and were not entitled to any of the benefits of the order, unless reinstated as provided by the rules and regulations of the order.

1. LIFE insurance: Iowa Legion of Honor: forfeiture of membership by failure to pay assessment: custom of order.

It is conceded that the constitution, rules and regulations constitute a part of the contract of insurance and the right of the plaintiff to recover depends upon the question as to the proper construction thereof. Two members of the order died, and, as the defendant claims, an assessment therefor was made on David Underwood on the first day of September, 1881, which he did not pay, although duly notified, and thereby he ceased to be a member, and was not entitled to the benefits of the order. The assessment in question was made by the defendant in the subordinate lodge of which David Underwood was a member, and the subordinate lodge was directed to remit to the proper officer a specified sum for each member, and "immediately make an assessment on all your members of that date." The subordinate lodge did not make such assessment, but the secretary thereof notified David Underwood that a member of the order, named Hess, had died, and he was directed to remit the amount required to pay such loss, and that if he failed to do so he would stand suspended. There is some question when this notice was sent to Under-

wood. The defendant claims that it was in September, 1881, while the plaintiff claims that it was in 1882, long after the death of Underwood. Conceding that it was at the time claimed by the defendant, we are unable to find any evidence in the abstract that the defendant ever made any assessment for the death of Hess. The assessment made by the defendant was for other and different persons.

The abstract is confused in this respect, and we are unable to determine what the truth is. It is evident, we think, that unless the defendant made an assessment on the subordinate lodge for the death of Hess, then the act of the secretary in notifying Underwood of such death, and requiring him to pay, had no effect on the rights of the parties. But, be this as it may, the constitution provides " that a named officer of the defendant shall notify each subordinate lodge of the death of each member, and require it to forward to the grand treasurer the requisite amount of money to pay the loss, and the subordinate lodges are required to make an assessment upon each member of one dollar each for each valid certificate at the date of death of the member upon which such assessment is made." This provision constitutes a part of the contract of insurance, and Underwood was not required to pay a death loss until the subordinate lodge of which he was a member made an assessment on him therefor. Until such asssesment was made, Underwood was entitled to all the rights and privileges of the order.

Counsel for the defendant insists that, under the usages and customs of the order, the assessments made on the subordinate lodges, and the notice thereof, should be regarded as a compliance with the constitution; and he offered to introduce evidence to establish such fact, which the court refused to receive. It was not proposed to prove that Underwood had knowledge of such custom, and we think that he was not bound thereby, but had the right to rely on the provisions of the contract of insurance. The court, therefore, did not err in the rejection of the proposed evidence.

It is deemed proper to state that, on the day prior to the death of Underwood, a friend, for him, paid all that was due the order from him, which the defendant received and yet retains, but claims that such amount was received by mistake, and it has credited Doran lodge with such amount as being by it overpaid. But neither the defendant nor Doran lodge has offered to refund said money. To say the least, it is doubtful if the order can retain this money, and yet refuse to pay the insurance to the plaintiff.

2. ——: —— : retention of assessment irregularly paid: recovery of company.

                                                AFFIRMED.