# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

JANUARY TERM, 1887.

CASE 1—PETITION ORDINARY—JANUARY 8, 1887.

## American Mutual Aid Society v. Helburn, &c.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. WHEN A BENEFIT SOCIETY RELIES UPON THE FAILURE OF ANY MEMBER TO PAY HIS ASSESSMENT as a forfeiture of his membership and benefits under its charter, it must show affirmatively that the assessment was made in the manner pointed out by the charter.

   In this case, appellant, resisting the recovery of death benefits because of non-payment of assessments, should have alleged *facts* showing that the unpaid assessments were made by the Board of Directors, or an executive committee appointed by them, as provided by its charter.

2. PLEADING—CONCLUSION OF LAW.—An allegation that certain assessments were "duly" made by defendant "in accordance with its charter" is but the averment of a conclusion of law and not the averment of a fact.

SIMRALL & BODLEY AND F. W. MORANCY FOR APPELLANT.

1. The prompt payment of the premiums in ordinary life insurance is a condition precedent to the continuation of the risk where it is provided in the contract that the policy shall be forfeited for non-payment; and the assured need not be formally notified to appear and show cause against the forfeiture. (Manhattan Life Ins. Co. v. LePert, 52 Texas, 504; 93 N. Y., 70; St. Louis Mut. Life Ins. Co. v. Grigsby, 10 Bush, 311; New York Life Ins. Co. v. Statham, 3 Otto, 30; Montgomery v. Phœnix Mut. Life Ins. Co., 14 Bush; Johnson v. Southern Mut. Life Ins. Co., 79 Ky., 407.)

The same rule should apply to mutual societies like the appellant. (McMurry v. Supreme Lodge, K. of H., 20 Fed. Rep., 109; Madeira. v. Merchants' Ex. Mut. Benefit Society, 16 Fed. Rep., 749.)

2. The rule requiring members of a corporation to be summoned and heard before being expelled does not apply to a case like this.

The members of such societies as the appellant are at once insurers. and insured. (May on Insurance, 548, 2d ed.

3. Appellant's charter expressly provides for an absolute forfeiture upon the failure to pay an assessment within the time provided. It does. not contemplate any action on the part of the society to make the forfeiture complete. (50 Mich., 201.)

4. The members of a corporation are conclusively presumed to know the provisions of its charter and are bound thereby. (Mutual Fire Ins. Co. of Cecil Co. v. Miller Lodge, 58 Md., 471, and cases cited.)

5. The amendment of February 7, 1884, to appellant's charter, providing that no notice to delinquent members shall be necessary to complete the forfeiture for non-payment of assessments applies to this case, as it was passed before the forfeiture complained of occurred.

6. The appellant does not undertake by its contract to pay any certain sum, but only such sum as may be realized from an assessment, not exceeding $3,000, and, therefore, the appellees' petition does not show a right to recover *any* sum, since it is not alleged that there has been any thing realized from an assessment. (Curtis v. Insurance Company, 48 Conn., 98.)

7. The court erred in refusing to allow appellant to file an amended answer stating that appellees, if entitled to recover any sum, were not entitled to recover exceeding $1,215.65.

SAME COUNSEL IN PETITION FOR REHEARING.

1. The allegation of the answer that the assessment was duly made, was a statement of a fact, and the defendant was not required to state particularly the details of making the assessment. (Preston v. Roberts, 12 Bush, 580; Johnson v. Ferrel, 8 Ky. Law Reporter, 217.)

2. If the answer was defective in this respect, it should have been remedied by motion to make more specific. (Pomeroy on Remedies, etc., section 549 and notes.)

3. Before plaintiffs can recover they must allege the performance of all conditions precedent. (Overbeck v. Hall, 14 Bush, 505.)

The plaintiffs do not allege that Helburn was a member *at the time of his death*, nor do they allege that he paid all the assessments and dues up to the time of his death.

While the law presumes that he continued a member, that presumption is not conclusive, and therefore the fact which is presumed to exist must be distinctly alleged to exist. (Gregory v. McFarland, 1 Duvall, 62; Williams v. Gordon, 11 Bush, 693.)

American Mutual Aid Society v. Helburn, &c.

4. Points 6 and 7 in original brief, which were not noticed in opinion, are insisted upon.

M. A. & D. A. SACHS for appellees.

1. The errors complained of in the motion and grounds for new trial are insufficient to raise any question for the consideration of this court.

2. The amended answer which was rejected is no part of the record herein, and cannot be considered on this appeal. (Fisher v. Perkins, 5 Ky. Law Rep., 600.)

3. The amendment to the charter is not binding on us and is not a part of our contract, having been passed long after we became a member of the society, without our knowledge or consent. (Bliss on Life Ins., ed. 1872, p. 734, sec. 463; Morawetz on Private Corporations, ed. 1882. sec. 53, p. 53; *Ibid.*, sec. 196, p. 196; Angell & Ames on Corporations, ed. 1866, sec. 233, p. 204; Insurance Co. v. Connor, 17 Pa. St., 136; New England Mut. Fire Ins. Co. v. Butler, 34 Maine, 451; Great Falls Mut. Ins. Co. v. Harvey, 45 N. H., 292; Martin v. Mut. Fire Ins. Co., 45 Md., 51-2.)

4. If this amendment to the charter does form a part of our contract, it cannot be enforced against us for the reason it is unconstitutional in this: That it deprives us of vested rights, impairs the obligation of our contract, takes upon itself the powers of the judiciary, and is a self-executing law. (Sec. 16 of the charter as amended; Hagar v. Reclamation, 111 U. S., 701; Hartude v. California, 110 U. S., 516; Cooley's Const. Limit, 3d ed., pp. 361 and 362, sec. 362; Berry v. Ransdall, 4 Met., 294; Allison v. Harrod's Creek R. R., 9 Bush, 254; 9 B. Mon., 302; Marshall v. McDaniel, 12 Bush, 383; Gaines v. Buford, 1 Dana, 481; Meguiar v. Henry, 7 Ky. Law Rep.)

5. The appellants could forfeit our rights as a member and take from us our property rights only after notice to us, and their exercise of that right after such notice, and by some unequivocal corporate act *quasi* judicial. (Collins v. Collins, 79 Ky., 88; Mutual Life Ins. Co. v. French, 30 Ohio, 240; Benton v. Am. Mut. Life Ins. Co., 25 Conn., 542; Jacobs v. Mut. Life Ins. Co., 5 Big., 48; Wing v. Harvey, 27 E. L. & E., 140; Buckner v. N. I. Mut. Life Ins. Co., 25 Conn., 207; Gait v. Nat. Ins. Co., 25 Barb., 189; App Iron Co. v. Brit. Am. Ins. Co., 46 Wis., 23; Olmstead v. Mut. Ins. Co., 50 Mich., 201; Ten. Life Ins. Co. v. Anderson, 77 Ill., 384; Joliffe v. Mut. Ins. Co., 39 Wis., 119; Commonwealth v. Penn Ins. Co., 2 S. & R. (Penn.), 141; Sibley v. Board Managers, 40 N. J. L., 295; Shen v. Grand Lodge, Ohio 17, Fed. Rep., 214; Supreme Lodge K. of H. v. Johnston, 11 Ins. Law Jour., 251; 4 Eng. Rep. (Moak's ed.), 43, note; 10 Id., 385; Field Corp., sec. 64, &c.; 8 Am. Law Reg. (N. S.), 537, note; High Ex. Rem., sec. 291, &c.; secs. 11 and 295; Law Rep. 9, Exch., 190; 10 Eng. Rep., 392; 53 N. Y., 103; 75 Penn. St., 291; Gratz v. Redd, 4 B. Mon., 192; Montgomery v. Phœnix, 14 Bush, 51; John-

ston v. So. Mut. Life Ins. Co., 79 Ky., 403; N. W. Mut. Life Ins. Co. v. Fort, November number, 1885, Ky. Law Rep., 271; Angell & Ames Corp. (ed. 1866), sec. 777; Charter American Mutual Aid Society, approved January 9, 1880 (on file herein), and amendment thereto of February, 1884 (also on file herein); and principally sections 11 and 12 of the charter of 1880, and section 16 of the amendment of 1884.)

6. The answer is defective because it does not show the facts concerning the notice required under the charter, nor does it show facts sufficient to constitute a valid assessment. (Secs. 11 and 13, Charter American Mutual Aid Society, on file herein; Baker v. Citizens' Mut. Ins Co., 12 Ins. Law Jour., 593; Ormsby v. City of Louisville, 2d vol. Ky. Law Rep., 297; Kendel v. Thompson, 2d vol. Ky. Law Rep., 422; Dayton v. Newport Water Works, 4 Ky. Law Rep., 354; McArthur v. City of Dayton, 4 Ky. Law Rep., 733; Shanks v. Stephens, 4 Ky. Law Rep., 838.)

7. The petition is sufficient to warrant the judgment. (Charter American Legal Aid Society, 1st vol., Acts 1878, p. 8, sec. 8; secs. 8 and 12 of the Charter of American Mutual Aid Society; Luder's Ex'r v. Hartford Ins. Co., 12 Fed. Rep., 465; Neskern v. N. W. End. Asso. of Minn., 30 Minn., 406; Pilbrow v. Pilbrow, A. R. Co., 5 Man. Grang & Scott (57 Com. Law Rep.), 439-471; Sunderland Marine Ins. Co. v. Kearney, 6 Eng. Law and Eq. Rep., 312; May on Ins., sec. 586; Fairchild v. N. E. Mut. Life Ins. Co., 5 Vt., 628.)

8. The appellant is a benevolent society and not an insurance company. (Secs. 1 and 20 of the charter of the American Mutual Aid Society, and the authorities referred to above in division 5.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

By an act of the Kentucky Legislature, approved January 9, 1880, appellant was created a body-politic for the purpose of providing financial aid to the widows, orphans, heirs, legatees and assigns of its deceased members.

On the tenth day of August, 1881, Samuel Helburn became a member of appellant's Society, and received a certificate of membership from appellant, in which appellant agreed to pay the appellees, sons of Samuel Helburn, in sixty days after satisfactory proof of the death of Samuel Helburn, the sum of money to which the beneficiaries might be entitled.

The eighth section of the act provides that the beneficiary of the deceased member shall receive a benefit, not to exceed three thousand dollars, payable within sixty days from the date of satisfactory proof of death, etc.

On the twenty-fifth day of April, 1884, Samuel Helburn died, and the appellees presented to appellant proper proof of his death, and demanded the payment of the sum of three thousand dollars, which they alleged was due them according to the terms of said certificate and membership of Samuel Helburn. The appellant refused to pay said sum or any part of it. Thereupon appellees brought suit in the Jefferson Court of Common Pleas against the appellant, by which they sought to recover judgment against the appellant for the sum of three thousand dollars. The appellant, by its answer, attempted to defend the action upon the ground that Samuel Helburn, in his lifetime, had failed to pay some assessments made against him by the appellant, to meet the payment of the policies of several members of said society who had died, and that he refused to pay said assessments, and by reason thereof he forfeited his membership in said society, and all benefits arising from his membership therein. The lower court sustained a demurrer to the answer. Appellant then amended its answer. A demurrer was sustained to the amended answer. The appellant again amended its answer. A demurrer was sustained to that also. Another amendment was offered, which the court rejected, and thereupon gave judgment for the appellees for the sum of three thousand dollars. So much of the answer as it is material to notice is as follows: "De-

fendant says that on the first day of February, 1884, three assessments of $1.80 each were duly made by defendant against, and due notice thereof given to Samuel Helburn, in accordance with the terms of said charter, upon the deaths of Mr. Moran, who died December 7, 1883, and Susan W. Harrison, who died December 9, 1883, and E. T. Hamilton, who died December 11, 1883, who died members of said society; and payment of said assessments, which amounted to $5.40, was by it demanded of said Samuel Helburn, who failed and refused to pay the same," etc.

The third section of appellant's charter provides that it shall be controlled by a Board of Directors. The thirteenth section provides that the Board of Directors may appoint an executive committee of three, to make assessments, etc. Section ten provides that "upon the death of any member of the Society, each surviving member may be assessed, and when assessed, shall pay to the secretary as follows: Members of the first class, 90 cents; members of the second class, 95 cents; members of the third class, $1.15; and members of the fourth class, $1.80." Section eleven provides that "any member failing to pay his annual due or assessment within thirty days after notice has been served upon him or sent to him, shall forfeit his membership and all benefits arising therefrom," etc. Section twelve provides for the raising of a permanent fund from so much of the admission fees, annual dues and assessments not used in paying benefits and expenses. And if said permanent fund should, at any time, reach an amount sufficiently large, in the opinion of the directors, they may have the power to suspend the assess-

ments and pay the benefits out of said fund, so long as they may think it safe to do so.

The foregoing quotations from appellant's charter show, first, that assessments to pay the benefits to the representatives of its deceased members must be made upon the surviving members of the Society by its Board of Directors, or that they may delegate that authority to an executive committee. Second, that by the direction of the Board of Directors, the benefits due to the representatives of the Society's deceased members need not be raised by assessments on its surviving members, but may be paid out of the Society's permanent fund. Thus, we see, that no assessment can be made on the surviving members of the Society to pay the benefits due the representatives of its deceased members, unless the assessments are made by the Board of Directors, or by an executive committee, appointed by them for that purpose. Also, that the Board of Directors may dispense with the assessments on the surviving members, and direct the payment of the benefits to be made out of the permanent fund. Under the charter no legal assessment can be made upon the surviving members of the Society to pay the benefits due the representatives of its deceased members, except in the manner above indicated. Also, the Board of Directors have a discretion to dispense with said assessments, and direct the payment of the benefits out of the permanent fund. And no one but the Board of Directors has this power. The question then arises, before a member of the Society can be compelled to pay an assessment against him, or forfeit his membership and benefits arising therefrom by

reason of his failure to pay the assessment made against him, should it not appear affirmatively that the assessment was legally made, to-wit, by the Board of Directors themselves, or by an executive committee duly appointed by them to make the assessment on the members of the Society.

May on Insurance, section 557, says: "An assessment can only be valid when laid under the conditions. stated in the charter. A general vote of the directors to assess to a certain amount to pay the indebtedness of the company is no valid assessment. It must appear that such a state of affairs existed when the vote was passed as to authorize the vote itself, as that losses and expenses had actually been incurred beyond the available assets in hand, which could not be met but by an assessment. * * The liability of the assured is. conditional, and depends upon the contingency of the happening of losses and expenses to which he shall be liable to contribute, which have been duly ascertained by the directors, and which make necessary a resort to an assessment thereon. It is a credit given for a part of the consideration of the contract. The promise of the insured is to pay upon such conditions, and the existence of these conditions must be established affirmatively before a call for payment * * can be enenforced. * * And the assessment must be made in strict accordance with the authority given. Even a more equitable mode than that provided by the charter cannot be adopted. Where the charter authorizes the directors to make an assessment, it can be made by them only."

In the case of Thomas v. Whallon, 31 Barbour,

178, the court held that the promise of the assured is to pay upon certain conditions, and the existence of those conditions must be shown to exist. "If the directors of the company, in making the assessment, acted judicially, the assessment itself perhaps would be evidence, at least *prima facie*, of the necessity; but they do not act judicially, but ministerially, and they have no arbitrary discretion in the matter; but they are controlled by the explicit provisions of the statute, and must, by proper averments and proof, bring themselves within the terms of those provisions before they can enforce the collection of the premium notes." In the case of the Long Pond Mutual Fire Insurance Company v. Houghton & Hunt, 2 Gray, 279, it was held that the burden was upon the plaintiff to establish the fact of a legal assessment. In the case of the Pacific Mutual Insurance Company v. Guse, 49 Missouri, 332, the court held that it devolved upon the plaintiff to aver and prove that the contingency had happened upon which the defendant's liability had become absolute. That there is no arbitrary discretion to make assessments by the directors, and that they do not act judicially, but ministerially, and assessments can not be made unless the necessity therefor properly and legally arises. In the case of Home Insurance Company v. Shideler, 36 Ind., 430, the court held that an assessment or apportionment was a condition precedent, necessary to be averred in the complaint, and is not complete and consummated until it is ascertained, fixed and determined, by carrying out upon the extension book the amount that each member is to pay. That the direct-

ors of the company have no arbitrary discretion in making an assessment, but they are controlled by the explicit provisions of the statute, and must, by proper averments and proof, bring themselves within those terms and provisions," etc.

Thus, we see, that in making assessments by the appellant upon its members, it does not act in a judicial, but in a ministerial capacity. Therefore, no presumption can arise in favor of the regularity or legality of its assessments. That the appellant's Board of Directors, or an executive committee appointed by them, are the only persons authorized by appellant's charter to make assessments against its surviving members to pay the benefits due the representatives of its deceased members. That a deceased member of the Society should have died, and that his representative was entitled to a benefit arising from his death, and that an assessment upon all of the surviving members was actually made by the Board of Directors, or an executive committee appointed by them, for the purpose of paying said assessments, are conditions precedent to the right of the appellant to demand payment of an assessment from any of its members. And they are not bound to pay any assessment until these things occur. Nor do they forfeit their membership by reason of their failure to pay such assessments, unless these things have occurred. And when the Society relies upon the failure of any of its members to pay his assessment as a forfeiture of his membership and benefits under its charter, it must show affirmatively that the assessment was made in the manner indicated, other-

wise the member cannot be said to be in default. The appellant's answer, tested by these rules, is radically defective. There is no allegation in it, that the assessment was made by the Board of Directors, or by an executive committee appointed by the Board of Directors. The allegation is that "the assessment was duly made against Samuel Helburn by defendant in accordance with its charter." The word "duly" preceding the word assessment, signifies nothing but the conclusion of the pleader. It asserts no fact. The word "assessment" does not mean that the appellant, by its Board of Directors or executive committee appointed by the Board of Directors, made the assessment. The words, "in accordance with its charter," plead merely a conclusion of law. They assert no fact. (Ormsby v. Louisville, 79 Ky., 197.) Neither of the amendments filed by the appellant cured this defect, nor did the amendment offered by the appellant, and rejected by the court, cure it.

For the foregoing reasons the judgment of the lower court is affirmed.