JOHNSON *v.* FARMERS' MUTUAL FIRE INSURANCE CO.

1. INSURANCE—ASSESSMENTS—DELEGATION OF POWERS.

The charter of a mutual fire insurance company provided that all assessments should be made by the board of directors, who should ascertain the amount of loss, determine the sum to be raised as surplus fund, and make an assessment embracing the loss, the expenses incident thereto, and the sum to be raised as surplus, which assessment should be handed to the secretary, who should notify the members. *Held,* that an assessment made by the secretary pursuant to a resolution of the board of directors providing for an assessment, but failing to indicate the steps to be taken in making the same, was invalid,— at least in the absence of a formal adoption by the board.

2. SAME—RATIFICATION—WHAT CONSTITUTES.

The individual action of the directors in signing the warrant attached to the assessment roll, no meeting of the board being called for the purpose, was not such a ratification as would validate the assessment.

3. SAME—FORFEITURE FOR NONPAYMENT.

A forfeiture of insurance in a mutual insurance company for nonpayment of an assessment cannot be sustained where the assessment was not made by the officers designated by law.

Error to Kent; Grove, J.   Submitted April 29, 1896. Decided July 31, 1896.

*Assumpsit* by Olaf Johnson against the Farmers' Mutual Fire Insurance Company of Kent County on a policy of insurance.   From a judgment for plaintiff on verdict directed by the court, defendant brings error.   Affirmed.

*Myron H. Walker,* for appellant.

*Taggart, Knappen & Denison,* for appellee.

HOOKER, J.   The plaintiff had insurance to the amount of $3,500 upon his buildings, in a mutual fire in-

surance company. Some of these buildings being destroyed by fire, he sued the company upon the policy; and the company defends upon the ground that the policy was not in force at the time of the fire, owing to the fact that an assessment was overdue and unpaid. The record shows that on July 30, 1894, the board of directors met, and passed a resolution to make an assessment of three mills on the dollar, on the capital of the company, to pay its indebtedness to that date, and for a surplus fund to pay future losses; to allow the president and treasurer 4 per cent. for the collection of assessments, and to the secretary, $140 for making the roll, paying postage and printing, and notifying the members of their assessments. The secretary thereupon proceeded to make an assessment of the date of October 1, 1894, dividing members into 15 classes, upon the basis of the dates of their membership. This took no notice of periods less than a month. Those who were members on the 9th of November, 1893, were assessed $3 upon $1,000; those who joined later, proportionately less,—so that the total amount assessed was less than the amount required by the resolution. Notice of the assessment was served, but the plaintiff forgot to pay it until after the fire, and defendant's counsel relies upon the provision of the by-law which suspends policies while assessments are due and unpaid. On the other hand, it is contended that the directors did not determine the date of the assessment, the amount of losses to be assessed for, the members liable to assessment for the respective losses (which were over 50 in number), the amount to be raised as a surplus fund, or the method to be followed in apportioning the amount to be raised.

The following provisions of the charter are pertinent at this juncture:

"5. The board of directors of said company shall * * * make all assessments in case of fire or other indebtedness. * * *"

"17. In case of fire, the directors shall meet within 10 days after the secretary shall be informed in writing by the owner of the property burned, who shall inform each director forthwith, by writing, and stating the day and hour of such meeting; the place to be at or near the property burned.

"18. At this meeting of the directors they shall ascertain the amount of loss, and determine a sum proper to be raised as a surplus fund for the payment of losses and other necessary expenses (the assessment of which fund shall not exceed one dollar on each thousand dollars of capital of the company), and shall proceed to make an assessment roll, embracing the loss ascertained, the expenses incident thereto, and the sum to be raised as a surplus fund, which assessment shall be handed to the secretary, who shall inform each member by writing, stating capital of company, name of loser, amount of loss, sum raised as a surplus fund, the amount assessed on $1,000 of the capital of the company; also the amount of his or her assessment. The president shall also appoint a receiver in each township to receive the sums assessed in their respective townships."

"20. All members are to be ratably assessed."

In our opinion, these provisions require action by the board, in all essential particulars, to the extent of determining the necessary steps to be taken in making the assessment, or at least formally adopting the same, at a meeting of the board, after the performance of the necessary clerical work.

It is contended that the signatures of the five directors to the warrant attached to the assessment roll was a ratification of what had been done. The record shows that no meeting of the board was held after that of July 30th or 31st, and we think individual action of the directors should not be allowed to take its place. *Farmers' Mut. Fire Ins. Co.* v. *Chase*, 56 N. H. 341.

The authorities appear to be substantially unanimous in support of the proposition that forfeitures for nonpayment of assessments cannot be sustained where the assessment is not made by the officers designated by law.

Members have a right to the judgment, care, and skill (or at least supervision) of those lawfully charged with the performance of this duty. Counsel cite many authorities in support of this rule,—among them: 2 May, Ins. § 560*b*; *American Mut. Aid Society* v. *Helburn*, 85 Ky. 1 (7 Am. St. Rep. 571); *Agnew* v. *A. O. U. W.*, 17 Mo. App. 254; *Farmers' Mut. Fire Ins. Co.* v. *Chase*, 56 N. H. 341; *Underwood* v. *Legion of Honor*, 66 Iowa, 134; 2 Bac. Ben. Soc. § 377; *Baker* v. *Insurance Co.*, 51 Mich. 243; *Bates* v. *Benefit Association*, Id. 587; *Warner* v. *Life Association*, 100 Mich. 157; *Miner* v. *Benefit Association*, 63 Mich. 338. Our understanding is that this assessment does not conform to this requirement, and the judgment is therefore affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.