FRANK FEE, Appellant, v. NATIONAL MASONIC ACCIDENT ASSOCIATION.

**Benefit Associations:** PUBLICATION OF LAWS: *Policy-holder*. Where a certificate of accident insurance was issued subject to the insurer's by-laws, such laws were binding on the insured, though subject to public inspection and not posted in the company's principal place of business, which is required by Code 1873, section 1076, since the by-laws are a part of the contract of insurance.

TIME OF PAYING PREMIUM ASSESSMENT: *Forfeiture*. By-laws of an insuring company provided that no benefits should accrue or be paid for injuries received by a member between the time when an assessment became due and the time when the same was received by the secretary, and that receipt of any assessment after the same became payable should not in any way change the effect of the rule. An indorsement on the certificate stated that, to keep it in force, all assessments must be paid within a certain time, and that, in case of failure to so pay the same might thereafter be renewed by a *pro rata* payment for the unexpired portion of the then current quarter. Plaintiff failed to pay an assessment within the time required, but thereafter paid an amount which, if *pro rated* according to the rule, would have been an over payment. *Held*, that plaintiff could not recover insurance for an accident occurring before the payment reached the

secretary, though it was paid to a local agent of the company on the day of the accident.

ASSESSMENT: *Power of directors.* Where the articles of an accident insurance company provided that the directors should control its affairs, and empowered them to enact by-laws and rules and to appoint from their number an executive committee, who should supervise the business of the company and audit accounts, and provided for assessments, but was silent as to who should make them, the directors had authority, through a by-law, to empower the executive committee to make assessments.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

SATURDAY, JANUARY 20, 1900.

ACTION on certificate of insurance. The plaintiff appeals from judgment dismissing his petition.—*Affirmed.*

*Dale & Bissell* for appellant.

*Ayres, Woodin & Ayres* for appellee.

LADD, J.—The defendant is a mutual benefit association organized under chapter 65 of the Acts of the Twenty-first General Assembly. In *Moore v. Association,* 103 Iowa, 426, we held that this chapter was complete in itself, save as to statutes applicable to all insurance alike. Section 6 assumes that such associations have the right "to establish by-laws and make rules and regulations expedient for the management of their affairs," as contemplated by section 1059 of the Code of 1873. Nothing is included in this chapter, however, concerning the publication of such by-laws; and, as section 1076, requiring that "a copy of the by-laws of the corporation, with the names of all officers appended, must be posted in the principal places of business and subject to public inspection," is applicable to all insurance companies, this was incumbent on the defendant. It is conceded that its by-laws were not posted, and we have held that, under such circumstances, they would

not be binding on a stranger without actual notice. *Des Moines Nat. Bank v. Warren County Bank,* 97 Iowa, 204. But it does not follow that, because of a failure to publish as required, the by-laws were never adopted. As well say that, because of the omission to post the names of officers, there were none. They were controlling as to all informed of their existence, and posting was required for the sole purpose of imparting constructive notice. Whether this was necessary in order to bind members of the association, we shall not now determine. The existence of the by-laws was expressly recognized in the certificate, which was issued to the plaintiff "subject to all the conditions and provisions of the articles of incorporation and by-laws thereof." Having accepted these in express terms on his entry into membership, they constitute a part of his contract, and he cannot be heard to say he had no knowledge of their contents. In *Fitzgerald v. Association,* 106 Iowa, 457, the insured claimed to have no knowledge or notice of the by-laws, and the court, after quoting a sentence from the certificate making the by-laws a part of it, through Given, J., said: "By this the assured was not only informed that there were by-laws, but also that they were made a part of the contract. He was not only bound by the law, as a member of this mutual association, to take notice of its by-laws, and be governed thereby, but he was also bound by his contract, and, being so bound, it cannot be said that the evidence fails to show any knowledge or notice to the assured of the plan of insurance or of the by-laws." The necessity of notice in the manner provided by statute was not involved in any of the authorities cited by the parties, and we refrain from expressing any opinion on that subject; simply holding that, as the certificate, by its terms, was issued subject to existing by-laws, the insured was bound thereby, whether posted or no

I.    It appears that on the third day of May, 1896, an assessment of three dollars was duly levied on all members of the association, and notice thereof mailed to the assured, in conformity with the requirements of the certificate and by-laws, May 28th, requiring payment some time during the month of June.    This was paid to the defendant's local agent, Scoggins, July 4, 1896, and received by the secretary of the association two days later.    The plaintiff was injured July 4th.    The contention of the appellee is that, under section nineteen of the by-laws, the certificate was not then in force.    That by-law reads: No benefits of any kind can accrue or be paid for or on account of any injury received by the member between the time when any assessments became due and the time when the same, or some subsequent assessment, is received by the secretary at his office; and no requiring of any subsequent assessment of such delinquent member or notifying him of any assessment, nor any receipt of any assessment after the same has become due, shall in any way alter, change, or affect this rule."    From this the intention is very clear that failure to pay any of the assessments when due had the effect to suspend the operation of the certificate until the secretary received it.    The certificate was not canceled, but suspended from July 1st, when the dues became delinquent, until July 6th, when received by him; and during that time, by the provision of this by-law, no indemnity might be claimed. Waiver by subsequent payment is expressly guarded against, and its only effect defined to be the renewal of the certificate. The prompt payment of assessments is of vital importance to mutual benefit societies, as it is from these small sums, collected from many individuals widely separated, that the insured in event of an injury, or the beneficiary in case of death, receives the stipulated benefit.    If a member fails to pay his dues, the indemnity is decreased to that extent. How, then, may one injured during his default in paying dues for the aid of another complain because others insist

on a rule relieving them from responding to his relief? Having violated the contract, he is not in a situation to demand its enforcement in his behalf against others who have kept it. As the certificate was suspended at the time of the injury, the plaintiff is entitled to no indemnity. *Association v. Burr*, 44 Neb. 256 (62 N. W. Rep. 466). The indorsement on the certificate was not inconsistent with the by-law, but rather directed attention to it. This appears from its language: "To keep this certificate in force, all payments must be made within thirty days of the date of the notice from the secretary calling therefor. If, for any cause, such payment is not made within the thirty days aforesaid, the same may be renewed and placed in force at any time by a pro rata payment for the unexpired portion of the then current quarter." True, the insured may have paid thirteen cents more than here mentioned, but waiver thereby is expressly avoided by provision contained in the by-law quoted.

III. Again, it is asserted that, as the assessment was made by the executive committee, appointed by the board of directors, it is illegal, in that such body cannot delegate this authority. By-law 17 empowered the executive committee to levy assessments. Article 4 of the incorporation provides for the election of nine directors, each holding for three years, to control its affairs, "and who shall have power to enact such by-laws and rules as they may deem for the best interests of the association, and who shall appoint from their number an executive committee of three members, who shall have immediate supervision of the business of the association, and shall examine and audit all claims, bills, accounts, and reports." While article 8 relates to assessments, none provide who shall make them. The principal business of the association was to make assessments, and distribute them, when collected, to the parties entitled thereto. The immediate supervision of this business by an executive committee is expressly authorized and

the power to enact by-laws for the best interests of the society given. We think, under this article, the board of directors was authorized to adopt by-law 17, under which the executive committee made the assessment. *Garretson v. Association*, 93 Iowa, 402, relied on by appellant, is not in point. There the articles of incorporation required the assessment to be made by the board of directors, and it was held that in such a case the president and secretary might not do so. As what we have said disposes of the case, other questions argued require no attention.—AFFIRMED.

GRANGER, C. J., not sitting.