HOPKINS, Respondent, v. EDUCATION MUTUAL BENEFIT ASSOCIATION, Appellant

(7 N. W.2d 296.)

(File No. 8538. Opinion filed December 28, 1942.)

**Van Slyke & Agor,** of Aberdeen, for Appellant.
**Fellows & Fellows,** of Mitchell, for Respondent.

ROBERTS, J. Plaintiff is the widow of Clyde M. Hopkins and the beneficiary named in a contract of insurance issued to her husband September 8, 1937, by defendant a mutual assessment life insurance company. The insured died August 21, 1939. The complaint is in the usual form, setting forth the issuance of the policy, the death of the insured, the performance of conditions of the policy and denial of liability by the insurer. Defendant sought to avoid liability by alleging and proving that membership in defendant association and insurance had terminated because of failure to pay an assessment made July 1, 1939. The court found that the evidence failed to show that a valid assessment had been made; that there was no evidence of giving of a proper notice to the insured of the assessment; and that defendant company recognizing the continuance of membership of the insured and the existence of the contract of insurance, notwithstanding failure to pay the assessment, was estopped to assert forfeiture against plaintiff beneficiary. From a judgment rendered accordingly, defendant company has appealed.

The application for insurance, the articles of incorporation and the by-laws of the defendant association are made a part of the contract of insurance. The relevant portions of the by-laws read as follows:

"Assessments for the purpose of paying death claims shall be in the sum of $1.10 each. Proper notice of such

assessment shall be mailed to each policyholder on or before the due date thereof. Failure on the part of any policyholder to pay any such assessment within thirty days after such due date shall automatically terminate his membership and insurance. * * * Mortuary payments received within fifteen days after the expiration of the due date shall be treated as reinstatement payments without health certificate being required."

"For the purpose of regulating mortuary assessments so that the same may be uniformly distributed over the year, this Association may levy assessments in order to create a reserve fund to be used: To pay valid claims pending regular assessments thereof; to pay contested, disputed, or rejected claims pending regular assessments thereof which would become valid liabilities through compromise or litigation; and to maintain sufficient funds to pay at least one maximum claim."

"The general management of this Association shall be vested in an Executive Committee of three members. The Executive Committee shall consist of the President and Secretary and such other officer or director as may be designated by the Board of Directors. The Secretary shall be executive officer of this Association, and shall be charged with the management of any and all business pertaining to this Association."

The trial court was of the opinion that the levying of an assessment was not a mere clerical duty which the treasurer might perform, but that the authority to levy an assessment was vested in either the board of directors or the executive committee. Defendant, having pleaded as an affirmative defense the failure to pay an assessment, had the burden of proving a valid assessment. 45 C. J. 306; Good v. Farmers' Mut. Hail Ins. Ass'n of Iowa, 58 S. D. 106, 235 N. W. 114. There is no evidence that the assessment of July 1, 1939, was made by either the board of directors or the executive committee, or that either the board or the committee ratified or approved such assessment before the death

of the insured, and there is no evidence that any officer, agent or employee of defendant association was authorized to make the assessment. It appears from the evidence that the treasurer acting as the managing officer of the association conferred with members of the board and committee from time to time regarding death claims, that he mailed notices to members and that his action was always approved at the following annual meeting of the members. If it be conceded that formality may be dispensed with and a decision may be reached by members of the board or the committee at an informal conference, it does not appear from the record that the assessment in controversy was informally authorized either by the board or the committee.

Defendant contends that it is not necessary that the board of directors after the death of a member be convened to levy an assessment; that the amount of each assessment is definitely fixed; that the duty of giving the surviving members notice is merely clerical; and this is a duty that may be performed by the treasurer of defendant company. It is not intended that assessments may be levied only for the payment of current death claims. The by-laws provide that "For the purpose of regulating mortuary assessments so that the same may be uniformly distributed over the year," the association may levy assessments for the purpose of creating a reserve fund. We think that the association represented by its board of directors or executive committee may exercise its discretion as to the time and necessity of making assessments and that under the by-laws the making of assessments was not a mere clerical duty. In Mutual Aid Union et al. v. Perdue, 162 Ark. 551, 258 S. W. 375, 377, the defendant was a mutual benefit insurance company. Holding that the levying of an assessment is not a mere clerical duty which could be performed by the secretary of the company, the court said: "It was the duty of the board of directors to determine whether a death had occurred which would impose a duty to levy an assessment. The company might have what the directors regarded as good cause for deciding that there was no liability on the certificate of some

particular member, in which event there would have been neither necessity nor authority to levy an assessment."

See also Johnson v. Farmers' Mut. Fire Ins. Co. of Kent County, 110 Mich. 488, 68 N. W. 299, 64 Am. St. Rep. 360; Underwood v. Iowa Legion of Honor, 66 Iowa 134, 23 N. W. 300; Fee v. National Masonic Acc. Ass'n, 110 Iowa 271, 81 N. W. 483; American Mutual Aid Society v. Helburn et al., 85 Ky. 1, 2 S. W. 495, 7 Am. St. Rep. 571; Couch on Insurance § 595B; Joyce on Law of Insurance, 2d Ed. § 1292.

Without ruling on the question of giving notice of the assessment in controversy or the availability of estoppel, we rest our decision on the finding that the assessment was invalid.

■ Errors are assigned based on the refusal of the court to grant after submission of the case and announcement by the court of its decision a motion for leave to amend the answer so as to allege fraud in procuring the insurance and to submit evidence on such issue and motion for new trial on the ground of newly discovered evidence. The granting of the motions rested in the sound discretion of the trial court, and, unless it appears that there has been an abuse of discretion, the decisions of the trial court will not be disturbed on appeal.

■ The insured made written application for insurance. Defendant association now claims that the insured wilfully misrepresented in his application the condition of his health, that he falsely represented that he was in good health and that he had not received medical advice or treatment within five years prior to his application. Affidavits submitted on motion for new trial state that insured was afflicted with chronic emphysema which caused his death, but that this fact was not known to the insurer at the time of trial. There is slight, if any, showing that due diligence would not have made this evidence available for the defendant at the trial. A party must be diligent in producing his evidence when the cause is tried. In denying the motions, the trial court did not abuse its discretion.

The judgment appealed from is affirmed.

All the Judges concur.