COLLINS, Respondent, v. COLLINS, Appellant
(20 N. W.2d 521.)

(File No. 8743. Opinion filed November 20, 1945.)
Rehearing Denied January 5, 1946.

**D. C. Walsh,** of Miller, and **Royhl & Longstaff,** of Huron, for Appellant.

**John P. Bushfield,** of Miller, for Respondent.

SMITH, P.J. The plaintiff, by her complaint, and the defendant, by his counterclaim, sought a decree of divorce on the ground of cruelty. The judgment granted the prayer of plaintiff's complaint, awarded her the custody of their infant child, and required the defendant to pay plaintiff $70 per month as alimony and for the support of the child. The defendant has appealed from the judgment and from an adverse ruling upon his motion for new trial. Abuse of discretion by the trial court, and two particulars wherein it is said that the evidence is insufficient to support the judgment, are the grounds upon which a reversal is urged.

It is our considered opinion that only one of the contentions of defendant merits discussion.

Newly discovered evidence was ugerd as a ground, first, for reopening the case before judgment and second, for a new trial. The contention is that the court abused its discretion in ruling on these motions.

The newly discovered evidence tendered by these motions was not material under the issues joined by the pleadings. The pleadings admitted the marriage and that the parties were husband and wife. In his pleadings and at the trial, the defendant took the position that plaintiff had been unfair to him and had caused him grievous mental suffering by leading him to believe during their courtship and the early months of their marriage that she had previously been the lawful wife of one Sheldon, and that two daughters were the legitimate offspring of that union, whereas, in truth and in fact, she knew that her daughters were illegitimate and she had never been the wife of Sheldon. After the court had announced a decision adverse to defendant, he employed additional counsel, quickly made contact with the said Sheldon and procured from him an affidavit wherein he made oath that he and plaintiff had cohabited for several years without the benefit of civil or religious marriage ceremony, and that he had never instituted proceedings to dissolve "the marriage relationship .or pretended marriage relationship" between himself and plaintiff. Thereupon, without seeking to amend his pleadings, defendant made the above mentioned motion to reopen the case on the ground of newly discovered evidence. In so doing he took the position that plaintiff became the common law wife of Sheldon, and because that union had not been dissolved by death or divorce, the marriage between plaintiff and defendant was a nullity from the beginning. See SDC 14.0106(3). The court overruled the motion. Thereafter the defendant presented the same showing of newly discovered evidence as one of the grounds of his motion for a new trial.

We review these rulings in the light of the contention of plaintiff that defendant failed to exercise reasonable diligence to produce the proffered evidence at the trial. In

so doing, we do not decide whether our statutes, SDC 33.1604 and 33.1605, authorize a new trial on the ground of newly discovered evidence on a changed theory of action or defense. See 46 C. J. 217, 261, and Hayne New Trial and Appeal, § 89, at page 415.

To warrant an order granting a new trial on the ground of newly discovered evidence, the applicant must show that he could not have discovered and produced the proffered evidence at the trial by the exercise of reasonable diligence. SDC 33.1605(4); Farmers Union Agr. Credit Corporation v. Northwest Security Nat. Bank, 66 S. D. 276, 281 N. W. 505. And a court does not fail to exercise a judicial discretion in overruling a motion to reopen, made after submission of the case and announcement of the court's decision, to hear evidence which could have been discovered and produced at the trial by the exercise of reasonable diligence. Hopkins v. Educational Mutual Benefit Association, 69 S. D. 132, 7 N. W.2d 296.

The affidavits presented upon the motion to reopen and in connection with the motion for new trial fail to show either an attempt to contact Sheldon before the trial or do they attempt to justify defendant's failure to make any character of investigation of the relationship of plaintiff and Sheldon until after the trial had been completed. As bearing on defendant's diligence in making preparation for the trial, we note that the theory he belatedly sought to adopt was not an afterthought. It had had a place in his thoughts prior to the trial. At the trial he testified, "I said, 'Irene, you didn't have any right to marry me. You evidently say you thought you was married and you evidently never were served any papers that you were being divorced.'" To this picture must be added the fact that, so far as the record discloses, defendant had no difficulty in quickly contacting Sheldon after the court had announced its decision.

The inference is irresistible that a reasonable degree of diligence exercised before the trial would have discovered and produced Sheldon's testimony.

But defendant contends that the foregoing principles are without controlling force in the circumstances of the

instant case, because considerations of public policy are involved. It is urged that when the court was advised, by the showing of the defendant, of the possibility that the marriage of the parties was void from the beginning, notwithstanding the admissions contained in the pleadings, the lack of diligence of the defendant, and all other considerations, it was duty bound to retrace its steps and try out this issue, because of the public interest in the institution of marriage. The contention does not gain our assent.

The trial court was confronted with a perplexing problem. The defendant had had a fair trial and had lost on the theory of his choice. Because of his lack of diligence, or possibly by reason of his choice, the issue he now urges so stoutly was not presented at the trial. After he had lost, he reversed his position and sought to inject questions of public policy and public interest as a means of relieving himself of a burdensome judgment for alimony. His proposal was not that a retrial would result in the preservation of the marriage status between the parties. If the defendant could succeed in establishing his new theory, it but promised to add to the burdens the parents had visited upon their infant daughter and to require the court to either dismiss the action and leave the parties where it found them, or to substitute a decree of nullity for its announced decree of divorce. After searching reflection and study, we have concluded that, in the circumstances, the public interest, which is primarily in the preservation of the marriage relationship, is not so vitally concerned in the form of judgment declaring the single status of these parties as to require a court to grant the defendant what amounts to a new trial upon a new theory. No case has come to our attention which holds or even suggests that a court is required to retry a cause on a changed theory to ascertain whether public policy has been violated.

We entertain the view and hold the described applications were addressed to the sound discretion of the trial court, and that in the circumstances, we cannot say it abused its discretion.

The judgment and order of the trial court are affirmed.

RUDOLPH, J., concurs.

WALL, Circuit Judge, sitting for POLLEY, J., concurs specially.

ROBERTS and SICKEL, JJ., dissent.

WALL, Circuit Judge (concurring specially).

I concur in the result. I believe that the record, including the showing made for a new trial, does not establish a valid marriage between plaintiff and Sheldon and does not indicate that such a marriage could be proved. Plaintiff says she has no recollection of a ceremonial marriage, though, she claims, Sheldon told her there was one. Sheldon swears there was none. The evidence, as I view it, does not indicate a common law marriage. 38 C. J. 1319; Bracken v. Bracken, 45 S. D. 430, 188 N. W. 46; Lockwood v. Lockwood, 220 Mich. 124, 189 N. W. 871. The Court's finding that such a marriage existed was error, but not prejudicial to appellant." 64 C. J. 1262; Naddy v. Dietze et al., 15 S. D. 26, 86 N. W. 753.

ROBERTS and SICKEL, Judges (dissenting).

After the cause was heard and submitted but before findings of fact and conclusions of law were made, defendant applied for leave to reopen the case to show that plaintiff had never been divorced from her former husband and that such husband was still living. It seems to us that under all the circumstances and in justice to the parties concerned the case should have been reopened to permit defendant to submit his evidence.