## COLBY v. THE CEDAR RAPIDS INS. CO.

1. **Insurance:** CANCELLATION OF POLICY BY ELECTION OF THE ASSURED: ASSIGNMENT OF UNEARNED PREMIUMS: RECOVERY OF BY ASSIGNEE: FORFEITURE OF POLICY BY ADDITIONAL INSURANCE. Defendant issued to one M. two policies of insurance for five years, each stipulating against other insurance, and for cancellation at his pleasure. After fifteen months M. was induced to have the property insured in another company, and, to avoid the forfeiture of the said policies, he concluded to elect to have them canceled, and to demand of the defendant the unearned premiums, under chap. 39, Laws of 1878. But he did not notify defendant of his election, nor request of it a cancellation. He, however, assigned the policies to plaintiff, the agent of the other company, by a writing on each of them as follows: "For value received, I hereby assign to C. H. Colby, Esq., the unearned premiums under this policy, also this policy for cancellation, and authorize him to collect such unearned premium." After plaintiff had insured the property in his company, he tendered the policies to defendant for cancellation, and demanded the unearned premiums thereon. *Held* (1) that M.'s election to have the policies canceled, and his assignment of them to plaintiff, without any notice or request to defendant, did not have the effect to terminate the contracts of indemnity contained therein, and create a liability on the part of defendant to refund the unearned premiums at that time; and (2) that if M.'s assignment could, under any circumstances, have the effect to transfer to plaintiff his right to unearned premiums, still, as plaintiff did not tender the policies for cancellation until after they had been forfeited by the additional insurance, he could not then recover such premiums, because the policies were defunct in law.

| 66 | 577 |
| 116 | 387 |
| 66 | 577 |
| 133 | 535 |

*Appeal from Council Bluffs Superior Court.*

SATURDAY, JUNE 13.

ACTION to recover unearned premiums. There was a trial without a jury, and judgment was rendered for the plaintiff for a part of the amount claimed.. Both parties appeal, the defendant perfecting its appeal first.

*Deacon & Smith,* for appellant.

*Smith, Carson & Harl,* for appellee.

ADAMS, J.—The undisputed facts are that the defendant

company issued to one Murray two policies of insurance for the period of five years, each providing for cancellation at his pleasure. At the end of fifteen months he was induced to insure the property in the Phœnix Insurance Company of Brooklyn, New York. As, however, he neither desired nor was allowed to have insurance upon the property in both companies, (the polices in the defendant company stipulating against other insurance,) he conceived the plan of allowing the policies in the defendant company to be canceled, and of setting up a right of reclamation of the unearned premiums as provided by statute. McClain's St., 299. He also conceived the idea of assigning his claim to the unearned premiums to the plaintiff, the agent of the Phœnix Insurance Company. He accordingly delivered his policies in the defendant company to the plaintiff, with an indorsement upon each in these words: "For value received, I hereby assign to C. H. Colby, Esq., the unearned premiums under this policy, also this policy for cancellation, and authorize him to collect such unearned premium." [Signed.] "J. S. MURRAY." Eight days later, the plaintiff, Colby, tendered the policies to the defendant for cancellation, but, as a dispute arose as to the amount of the unearned premium, the policies were returned to the plaintiff without cancellation, and this action was brought to enforce the payment of the amount claimed.

The defendant contends that the policies were not canceled, and denies that the cancellation was demanded by any one having a right to demand it, and insists that the policies became void, and that there was nothing left to cancel. The court below ruled that these positions were untenable, and certified several questions to this court, the amount in controversy being less than $100. It will be sufficient for the disposition of the case to set out and determine two of the questions,—the first and fifth. These questions are in these words: "(1) Did the election of the assured, Murray, on July 13, 1883, to cancel said policy, as evidenced by his written assignment to plaintiff of that date, have the effect to ter-

minate the contract of indemnity contained in said policy, and create a liability on the part of the defendant to pay said Murray the portion of unearned premium due upon cancellation, no notice being given defendant of such election by Murray, and no request being made by him of defendant to cancel the same." "(5) Was the contract of indemnity, evidenced by said policy, in force up to the time plaintiff demanded cancellation, on July 21, 1883, or had it been previously terminated by violation of its conditions on the part of Murray." Upon a former hearing of this case, a part of the record accidentally failed to come into our hands, and it was held that the questions certified, so far as they presented anything for our determination, should be answered in accordance with the ruling below. Some doubts, however, arose in regard to the correctness of our holding, and a petition for rehearing having been filed, the same was granted.

It is not clearly apparant, from the judgment rendered, what the precise view was which the court below took of the law of the case; but it is not very material. It is sufficient to say that the court must have held that the policies were not avoided, either by obtaining the Phœnix insurance or by the assignment, and that they were canceled, and that a right to the unearned premium accrued in some way to the plaintiff.

We will consider, first, the effect of obtaining the Phœnix insurance. It is not denied by plaintiff, and could not be properly, that if the Phœnix insurance was obtained before the virtual cancellation of the policies in the defendant company, these policies would be avoided by Marray's act in violating this condition, and there would be nothing left to cancel, and no claim would accrue for unearned premiums. There may, to be sure, be a recovery for unearned premiums in some cases where the risk has never commenced, as where the policy-holder acted in good faith and paid the premium under the mistaken supposition that the risk commenced. See *Waller v. Northern Assur. Co.*, 64 Iowa, 101, and cases cited.

But the case before us is essentially different. The plaintiff's theory is that the cancellation virtually took place at or before the time of obtaining the Phœnix insurance, to-wit, at the time of the delivery of the policies to the plaintiff with the indorsement thereon set out above. If this is so, then it might be conceded that the obtaining of the Phœnix insurance was not a violation of the policies, and would not prevent the plaintiff from recovering, if he should appear to be otherwise entitled to recover.

We come, then, to the question as to the effect of delivering the policies to the plaintiff, with the indorsement thereon purporting to be an assignment of the policies to the plaintiff. Was this act virtually a cancellation? We state the question a little differently from what the court did, because we think that this is what the court meant, and because our statement is less ambiguous, and not less favorable to the plaintiff. The assignment, as we have seen, purports to be an assignment " for cancellation." What precisely the assignor's idea was we do not know. The policy is a contract of indemnity. The effect of an assignment, if it had any validity, should be to transfer the contract, and give the assignee the right to the indemnity. It is difficult to conceive how there could be a valid assignment which would do less than that. Yet the plaintiff contends that the assignment of the contract should be held to have been intended to have the extraordinary effect of terminating the contract as a contract of indemnity. We are unable to see how we could properly give the word " assignment" such force as that. In one way, it is true, an assignment of a policy might have the effect to terminate it. This would be so where it is so provided. The assignment would operate virtually as a forfeiture. As in this case an assignment was prohibited, perhaps an attempted assignment should be held to be a forfeiture. But we do not determine this. What we hold is that, unless the assignment operated as a forfeiture, it would not terminate the policy as a contract of indemnity. It would either be

void or carry the policy for all there is in it. Any other view of the word "assignment" would involve an unjustifiable departure from its plain meaning.

But there is another view which leads also to the conclusion that there was nothing done by Murray at the time of the alleged assignment which operated to cancel the policies. Cancellation of a policy is something to be done *by the company*. This will appear from an examination of the statute which provides for cancellation. No insurance company can do business in this state whose form of policy in use "does not provide for the cancellation of the same at the *request* of the insured upon equitable terms." McClain's St., 298. This is the only provision on the subject.

Now, while the policies did not expressly provide the mode of cancellation, it is to be presumed that the intention was that the provision should be in compliance with the statute; and that the mode should be that provided by statute. It is the company, then, that is to make the cancellation. The company should be allowed to know what risks it is carrying. It should be allowed to take up a canceled policy, and make the proper entry upon its books. No insurance company could do business long without having the means of proving its rights, and of disproving falsely alleged liabilities.

It may be conceded that a request by the insured to the company to cancel, though not complied with, would be treated by the courts as equivalent to cancellation, so far as the rights of the insured might be concerned. But we cannot hold that the request can be dispensed with. We do not forget that in the case at bar there was a request made to cancel. But it was not made by the insured as the statute provides. It was made by the plaintiff. It is probably true that the insured might make such request through an agent. But the plaintiff did not claim to act as Murray's agent, nor would his case be better if he had; because, before he requested cancellation the Phœnix insurance had been obtained, and the obtaining of that insurance must be deemed fatal to the

plaintiff's right of recovery, unless he can maintain his proposition that Murray's mere election to cancel operates as a cancellation; and we hold that such proposition is not sound.

In answer to the first question certified, we have to say that we do not think that the election made by Murray, July 13, 1883, to cancel, created a liability to pay Murray unearned premiums. In answer to the fifth question certified, we have to say that we think that before July 21, 1883, the policies had been avoided by a violation of their conditions by Murray in obtaining the Phœnix insurance. The court below must have ruled to the contrary upon both questions, and in this we think it erred. The view which we have taken of the case, it appears to us, must make virtually a final disposition of it, and for this reason we do not determine all the questions presented.

REVERSED.