FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA
v. HOME FIRE INSURANCE COMPANY OF OMAHA.

FILED APRIL 21, 1898. No. 8016.

1. **Insurance:** CANCELLATION OF POLICY: CONSTRUCTION OF STATUTE.
Section 42, chapter 43, Compiled Statutes 1897, construed, and *held*
to apply only to an insurance policy in force—a valid and subsist-
ing contract between the insured and the insurer, and to have no
reference to a contract of insurance which has ceased to exist by
reason of the violation of the provisions thereof by the insured.

2. ——: ——: ACTION FOR UNEARNED PREMIUM. Where an insurer
has rightfully declared an insurance contract at an end because
of insured's obtaining additional insurance on the insured prop-
erty without the consent of the first insurer, contrary to the pro-
visions of the first policy, such insured has no cause of action
against the insurer for the unearned premium.

ERROR from the district court of Douglas county.
Tried below before HOPEWELL, J. *Affirmed.*

*Lamb & Adams, A. W. Scott,* and *G. W. Shields,* for
plaintiff in error.

*V. O. Strickler, contra.*

RAGAN, C.

From the pleadings in this case we ascertain the ma-
terial facts thereof to be: In August, 1894, one Penner
held an insurance policy issued by the Home Fire In-
surance Company, hereinafter called the home company,
agreeing to indemnify him for any loss that certain
property described in the policy might sustain by reason
of fire, lightning, or tornado prior to a specified date.
This policy contained a provision that if Penner should
thereafter procure any other insurance on the insured
property without the knowledge and consent of the home
company its contract of insurance should be void. Sub-
sequently Penner, without the knowledge and consent
of the home company, procured the Farmers Mutual

Insurance Company, hereinafter called the farmers company, to issue him a policy upon the same property insured by the home company, in and by which the farmers company agreed to indemnify him for any loss which the insured property might sustain by reason of fire, lightning, or tornado within a time specified. In payment, or in part payment, of the premium charged by the farmers company Penner assigned, or attempted to assign, to it the unearned premium which he claimed the home company owed him on the policy issued by it, and authorized the farmers company to obtain from the home company a cancellation of its policy and collect from it the unearned premium thereon. The home company refused to pay to the farmers company the unearned premium of the Penner policy, and thereupon the farmers company sued the home company in the district court of Douglas county to recover such premium. A motion for judgment on the pleadings was filed in the district court, by it sustained, and the farmers company's action dismissed, to reverse which it has filed here a petition in error.

At the time the Penner policy was issued section 42, chapter 43, Compiled Statutes 1897, was in force and that section provides that any insurance company transacting business in this state "shall cancel any policy of insurance hereafter issued or renewed, at any time, by request of the party insured, or his legal representative, and shall return to the said party, or his representative as aforesaid, the net amount of premium received by the company, after deducting the actual compensation of the agent or solicitor for securing the issue of said policy, and also deducting the customary short-rate premium for the expired time of the full term for which said policy was issued or renewed, anything in the policy to the contrary notwithstanding." This statute was as much a part of the Penner policy as if it had been actually written or incorporated therein. The farmers company, by taking an assignment from

Penner of the unearned premium of his policy issued by the home company, acquired the same right to collect from the home company such unearned premium as Penner himself had. The inquiry then is could Penner himself, under the facts of this case, have maintained this action against the home company and have recovered a judgment against it for the unearned premium on the policy issued by it? We do not think he could. The fact that Penner procured additional insurance upon the property insured by the home company, without the knowledge and consent of that company, did not render the home company's policy absolutely void, but voidable at its election. If it saw fit to do so, it might have waived its right to insist upon the forfeiture of the policy because of Penner's violation of its terms, and it might have ratified his taking out additional insurance. (*Billings v. German Ins. Co.*, 34 Neb. 502; *Hughes v. Insurance Co. of N. A.*, 40 Neb. 626; *Eagle Fire Co. of N. Y. v. Globe Loan & Trust Co.*, 44 Neb. 380; *Home Fire Ins. Co. of Omaha v. Hammang*, 44 Neb. 566.)

But the home company had the right, upon ascertaining that Penner had procured additional insurance upon the property which it had insured, to treat that policy as void because of Penner's violation of its provisions, and when it ascertained that Penner had procured additional insurance, it did exercise its right to consider the contract of insurance with Penner at an end; but Penner's violation of his insurance contract did not invest him with a right of action against the home company to recover the premium which he had paid the company therefor, or any part of that premium. The contract of insurance did not provide that if the insurer declared it to be at an end because of Penner's violation of its provisions in procuring additional insurance on the insured property without the consent of the home company that it would repay Penner the unearned premium; nor is this the meaning of the statute constructively incorporated into and made a part of the policy.

The statute indeed makes it the duty of an insurer, upon the request of the insured or his legal representative, to cancel an insurance policy and return to the insured the unearned premium, but the statute deals with a policy in force—a valid and subsisting contract between the insured and the insurer. It has no reference to a contract of insurance which has ceased to exist by reason of the violation of the provisions thereof by the insured. (*Colby v. Cedar Rapids Ins. Co.*, 66 Ia. 577, 24 N. W. Rep. 54.) Since Penner could not have maintained this action against the home company, the farmers company could not maintain it. The judgment of the district court is

AFFIRMED.