ECONOMIC LIFE ASSOCIATION v. EDMUND C. SPINNEY, Appellant.

**Liability for Premium:** LAPSE OF LIFE POLICY. Where a life policy provided that it "should become void by nonpayment of the amount due on notes given for the same, and the entire amount shall be forfeited to the association," and the policy lapsed by nonpayment of a portion of a premium note at maturity, the fact that enough had been paid on the note to reasonably compensate the company for the time the policy had been in force did not preclude it from recovering the balance remaining unpaid.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

SATURDAY, APRIL 12, 1902.

IN payment of the premium for one year on three policies of insurance each stipulating for an indemnity of $1,000, issued to him by the plaintiff December 11, 1896, the defendant executed to it his promissory note of even date, for $87, payable March 11, 1897. Each policy contained a

stipulation that it should "become void by non-payment of any amount due on notes given for the same, and all payments previously made shall be forfeited to the association." The defendant paid but $67 on this note at maturity, and March 27, 1900, received a letter from plaintiff's secretary, saying his note was unpaid, and "by this failure to pay your note when due your policy lapses, but may be reinstated by the executive board on receipt of the amount due, if accompanied by satisfactory evidence of good health. I enclose blank for this purpose. Kindly execute same, and send to this office, with remittance, that your policy may be restored if satisfactory." The defendant did not remit, and April 12, 1898, the action was brought to recover the balance due on the note. He responded that the consideration therefor had failed, as more than enough had been paid to cover the indemnity he had enjoyed, and by way of counterclaim asked to be allowed the difference between the $67 paid and the fair value of the insurance up to the time his policies had lapsed. From judgment for plaintiff he appeals.—*Affirmed*.

*Bremner & Shular* for appellant.

*W. J. Keefe* for appellee.

LADD, C. J.—The policies of insurance were for life, and the consideration of the note was the premium on the three for one year. But $20 of the note remained unpaid after maturity. Because of non-payment of this sum, the policies became void, but might have been reinstated on certain conditions. The defendant did not undertake to comply with these. Enough had been paid, however, to reasonably compensate plaintiff for the risk during its life. Under these circumstances, may the insured recover the portion of the note unpaid? The contracts are entireties, and stipulate for the payment of a yearly premium. The period was entire and indivisible, as was also the compensation to be paid. The policies contain no intimation or guide by which

part of the premium may be apportioned to a portion of the year. The parties, as was their right, stipulated for insurance on certain contingencies named, and the amount of premium may be assumed to have been determined with these in view. One of them was the lapsing of the policies owing to the non-payment of any portion of the premium note at maturity. That they lapsed was not the fault of the company, but the result of assured's negligence. The premium having been fixed with this contingency in view, the assured is not in a situation to complain. He received precisely what he bargained for, and cannot be permitted to deny his obligation for the price. Suppose he had paid the premium in money, and for some other cause, such as change of occupation or climate, the policies had lapsed, would any one contend that he could compel the insurer to restore a part of that paid? That he could not is conclusively settled by authority. *Victor v. Insurance Co.,* 33 Iowa, 210; *Colby v. Insurance Co.,* 66 Iowa, 577; *Van Werden v. Assurance Soc.,* 99 Iowa, 621; *Farmers Mut. Ins. Co. v. Home Fire Ins. Co.,* 54 Neb. 740 (74 N. W. Rep. 1101); *Williams v. Insurance Co.,* 19 Mich., 451 (2 Am. Rep. 95); *Robinson v. Insurance Co.,* 51 Ark. 441 (11 S. W. Rep.686, 4 L. R. A. 251); *Continental Life Ins. Co. v. Houser,* 89 Ind., 258; 16 Am. & Eng. Enc. Law, 954. In principle these cases are decisive, for there is no just ground for discriminating, after the policies have attached, between the affirmative claim for the return of the premium paid, and the defense, based on the same facts, against its collection. As the contracts were entire, the consideration for their execution may not be divided and apportioned.—AFFIRMED.