# CHARLESTON.

## UNION CENTRAL LIFE INSURANCE CO. *v.* ZIHLMAN.

Submitted February 22, 1910. Decided November 29, 1910.

1. INSURANCE—*Life Insurance—Policies—Construction.*

    The provision in a life insurance policy, making it null and void, without action on the part of the company, in case of failure of the insured to pay any premium, due thereunder, or any note, given for such premium, is intended for the benefit of the insurer and makes the policy voidable only on the happening of the contingency specified.

2. SAME—*Life Insurance — Policies — Construction — Forfeiture Clause.*

    In such case, there is no failure or lack of consideration for the note, arising out of the default or consequent thereon.

Error to Circuit Court, Cabell County.

Action by the Union Central Life Insurance Company against Anton Zihlman. Judgment for plaintiff, and defendant brings error.

*Holt & Duncan,* for plaintiff in error.

*George S. Wallace,* for defendant in error.

POFFENBARGER, JUDGE:

In an action of *assumpsit,* upon a promissory note for $900.00, given for part of the first annual premium on a life insurance policy, the defendant relied upon total failure of consideration, consequent upon alleged annulment of the policy, by reason of his non-payment of the note. This defense is

based upon provisions of the policy and the note, saying the former should become null and void, in the event of non-payment of the latter at maturity. Another was alleged partial failure of consideration, which entitled the defendant to be relieved of the payment of a large portion of the note. The two special pleas, setting up these defenses, were rejected, and the case was submitted to the court in lieu of a jury, on an agreed statement of facts. The finding and judgment were for the full amount of the note with interest thereon.

The defense set up by the pleas has been several times held insufficient, agreeably to well settled principles of law. *Life Ins. Co.* v. *French,* 30 O. St. 240; *Life Ass'n* v. *Spinney,* 116 Ia. 385; *Kempsall & Keene* v. *Vedder,* 79 Ill. App. 368; *Marskey* v. *Turner,* 81 Mich. 62; *Ins. Co.* v. *McWhorter,* 78 Ind. 136; *White* v. *McPeck,* 185 Mass. 451. The forfeiture clause was inserted for the benefit of the insurer, and it was optional with it to declare a forfeiture or not. *Medley* v. *Ins. Co.,* 55 W. Va. 342; *Lawson* v. *Williamson C. & C. Co.,* 61 W. Va. 669; *Roberts* v. *Bettman,* 45 W. Va. 143; *Henne* v. *South Penn Oil Co.,* 52 W. Va. 192. Only one of these cases is an insurance case, but the others assert a general legal proposition which is held, by the weight of authority throughout the country, to be applicable to the construction of forfeiture clauses in insurance policies. See Cooley's Briefs, Law of Ins., Vol. II pp. 1537, 1542. The early New York cases seem to take the opposite view, but the later ones sustain this application of the principle. No declaration of forfeiture in any form is suggested by the pleas or the evidence.

It is not neccessary, however, to base our decision solely upon this proposition. By the terms of the contract, the cost of insurance for the first year was made $1,052.00, in the event of failure to pay the second, and also in respect to the second and third years in case of default. Suppose the first annual premium had been paid in cash, and the policy had then been allowed to lapse by non-payment of the second premium. Could there be any doubt that the money was paid for one year's insurance? The policy so reads. The note sued on here stands in lieu of cash, paying for insurance to the end of the year. The obligation upon the company to pay the face of the policy, less the amount of the note, in case of the death of the insured

within the year, was an amply sufficient consideration, and it did not fail within the year, if at all. The forfeiture clause, therefore, nullified the policy as to the future,—time subsequent to the year for which the note stood in lieu of cash. There could be no default before the end of the year. Until default, the policy protected the insured according to its terms. Hence it is clear that the consideration aforesaid never failed in any sense or to any extent.

These principles and conclusions result in the affirmance of the judgment.

*Affirmed.*