WILLIAMS, Respondent, vs. NATIONAL CASUALTY COM-
PANY OF DETROIT, MICHIGAN, Appellant.

*May 10—June 21, 1926.*

*Insurance: Health and accident policies: Misrepresentations in ap-
plication: Waiver by accepting premium after knowledge of
facts.*

An insurer in a health and accident policy received notice, pre-
sumably from army records, that the insured had been treated
for certain diseases at army hospitals, which information it
regarded as complete and true; and although the policy of
insurance was thereby avoided, the insurer accepted and re-
tained the next quarterly premium on the policy. *Held,* that
any invalidity in the policy due to misrepresentations in the
application was waived.

APPEAL from a judgment of the superior court of Doug-
las county: ARCHIBALD McKAY, Judge. *Affirmed.*

Action to recover on an accident and health policy. At

the time the policy was issued plaintiff was a resident of Fargo, North Dakota. The application was made and the policy delivered there. It is the claim of defendant that the law of North Dakota governs the contract of insurance. The defense was, among other things, misrepresentation in the application as to plaintiff's health previous to the issuance of the policy. By a special verdict the jury negatived the fact that any misrepresentations were made to the agent of the company who filled out the application, and upon such verdict the court awarded judgment in favor of the plaintiff. The defendant appealed.

For the appellant there was a brief by *Hughes & Anderson* of Superior, attorneys, and *Henry C. Walters* of Detroit, of counsel, and oral argument by *Clarence J. Hughes* and *R. E. Anderson*.

For the respondent there was a brief by *Hanitch, Hartley & Johnson* of Superior, and oral argument by *Oscar S. Johnson*.

VINJE, C. J. A number of assignments of error are set out in defendant's brief and were orally argued. We find it unnecessary to consider them in view of the fact that on December 6, 1923, the company, as stated in its brief, "received information that *Williams* had been treated in an army hospital from June 8, 1918, to August 3, 1918, for psychosis intoxication; that he was again admitted to a hospital January 1, 1919, for goiter, cystic, bilateral; and that additional diagnosis on January 15, 1919, disclosed tachycardia, acute, caused by goiter; and that he remained in the hospital until February 10, 1919, the date of his discharge from the army." The facts contained in the above information are the main ones upon which defendant claims the invalidity of the policy. There is no showing that the defendant at any time doubted their accuracy or inadequacy to defeat the policy. No showing that it needed

or took time to investigate their truth.    They were evidently received from army records and regarded as full, complete, ·and true by the defendant.    Notwithstanding the knowledge of such facts avoiding the policy, it accepted and retained a quarterly premium due and paid on December 21, 1923, nearly three weeks after it received reliable information of the facts stated.    The acceptance and retention of such premium under the circumstances must be held a waiver of any invalidity in the policy due to misrepresentations in the application.    In *McQuillan v. Mutual R. F. L. Asso.* 112 Wis. 665, 671, 87 N. W. 1069, 88 N. W. 925, the rule is thus stated:

"In the absence of any provision of the contract or circumstance to effect a different result, the general rule applies that the retention of money paid to an insurance company, for an instalment due upon one of its policies, with knowledge of facts rendering the policy void, ratifies and affirms it as a subsisting obligation.    *Joliffe v. Madison Mut. Ins. Co.* 39 Wis. 111; *Erdmann v. Mut. Ins. Co.* 44 Wis. 376; *Underwood v. Iowa Legion of Honor,* 66 Iowa, 134, 23 N. W. 300; *Shea v. Massachusetts B. Asso.* 160 Mass. 289, 35 N. E. 855; *Gray v. National B. Asso.* 111 Ind. 531, 11 N. E. 477."

Such is also the rule in North Dakota.    *Yusko v. Middlewest Fire Ins. Co.* 39 N. Dak. 66, 166 N. W. 539; *Horswill v. North Dakota Mut. F. Ins. Co.* 45 N. Dak. 600, 178 N. W. 798.

Defendant cites a number of cases where it has been held that after information tending to show the invalidity of the policy the company is entitled to reasonable time to ascertain the truth of the information.    This is not such a case.    As already stated, the information was regarded by the defendant when received as complete and accurate and as needing no confirmation.    Upon such a state of facts we hold that .the acceptance and retention of the pre-

mium paid December 21, 1923, constituted a waiver of the
defenses relied upon.

*By the Court.*—Judgment affirmed.