STILLMAN, Respondent, vs. NORTH RIVER INSURANCE COMPANY and others, Appellants.

*January 14—February 8, 1927.*

*Insurance: Forfeiture by removal of insured property: Waiver: Estoppel: Informing agent of proposed removal: Sufficiency: Return of unearned premium.*

1. A provision in a fire insurance policy that the removal of the insured property to a different location without the written consent of the company indorsed on the policy would effect a forfeiture cannot be waived except in the manner expressly provided. p. 206.
2. An insured informed the agent of the insurer that he intended moving to another city, but did not tell him when he intended to move or give him his new address, nor did he deliver the policy to him for indorsement of consent, and the agent assured him "it would be all right." *Held,* that the insurer, in an action on the policy, was not estopped from claiming a forfeiture. [*Spohn v. National Fire Ins. Co.* 190 Wis. 446, distinguished.] pp. 206–208.
3. The failure of the insurer to return the unearned premium on the forfeited policy does not estop it from claiming a forfeiture. p. 209.
[4. *It seems* that one who has breached a contract of insurance is not entitled to recover any portion of the premium.] p. 209.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

For the appellants there were briefs by *Shaw, Muskat & Sullivan,* and oral argument by *J. L. Newman,* all of Milwaukee.

For the respondent there was a brief by *John P. McGalloway,* attorney, and *F. Ryan Duffy,* of counsel, both of Fond du Lac, and oral argument by *Mr. McGalloway.*

OWEN, J.    This is an action to recover on a fire insurance policy.    The defense is that the policy was forfeited by reason of the removal of the insured property to a different location without the written consent of the company indorsed on the policy.    The policy covered certain household goods "only while contained in or attached to the two-story shingle-roof frame building occupied for dwelling purposes, situated at 55 North Portland street, city of Fond du Lac, state of Wisconsin."    The policy also contained this provision:

"No one shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement added hereto, nor shall any such provision or condition be held to be waived unless such waiver shall be in writing added hereto, nor shall any provision or condition of this policy or any forfeiture be held to be waived by any requirement, act, or proceeding on the part of this company relating to appraisal, or to any examination herein provided for; nor shall any privilege or permission affecting the insurance hereunder exist or be claimed by the insured unless granted herein or by rider added hereto."

About the 1st of December, 1924, the insured sold out his business in Fond du Lac and contemplated removal to Neenah.    On the 4th day of December he met the agent of the company on the street and said to him, "I have sold out my restaurant here in Fond du Lac.    I am going to move to Neenah.    I didn't tell him where I was going to move to in Neenah, because I didn't know.    I didn't tell him when I was going to move.    I says, 'in the near future, two or three days.' "    "That is all I told him at the time, and all he said to

me was, 'I will attend to it.' That was his whole conversation." "Mr. Giebel [the agent] didn't say anything to me about a removal permit, and I didn't request him for a removal permit."

On the 9th of December the insured moved his household goods to Neenah, and on the 12th day of December they were destroyed by fire. Prior to the fire he had not advised the agent of his location in Neenah.

The case was submitted to the jury upon a special verdict, which verdict found (1) that the plaintiff informed the agent that he wished to keep his insurance in force on removing to Neenah; (2) that the agent promised the plaintiff, in substance, that the insurance would be continued in force until the plaintiff informed him of his new location; and (3) that the plaintiff did not unreasonably delay in informing the agent of his new location. Upon this verdict judgment was rendered in favor of the plaintiff, from which judgment the defendant appeals.

Appellant claims that the contract of insurance became void upon the removal of the insured property from the location described in the policy. By the terms of the policy the property was insured only while located in the building described in the policy. According to the terms of the policy this provision could not be waived by any one unless the waiver be in writing and added to the policy. It is well settled in this state that such a provision cannot be waived except in the manner expressly provided. It is just as well settled, however, that circumstances may exist which will estop the company from denying the waiver, even though the waiver is not evidenced by a written agreement attached to the policy. The law upon this subject received such recent elucidation by this court in *Spohn v. National Fire Ins. Co.* 190 Wis. 446, 209 N. W. 725, that further elaboration here is unnecessary. In this case respondent does not claim that the provisions of the policy were waived, but it is claimed that the company is estopped from denying the waiver. The

sole question, therefore, to be considered is whether the circumstances raise such an estoppel.

In *Spohn v. National Fire Ins. Co., supra,* there was a transfer of property covered by insurance. The parties to the transaction went to the office of the agent of the company carrying the insurance and employed him to prepare the documents necessary to perfect the transfer, including the transfer of the insurance policy with the validating consent of the company to such transfer indorsed upon the policy. At the end of an hour the parties returned to the office of the agent, who represented that he had prepared all necessary documents, instructed them what and where to sign, put the papers in an envelope, including the insurance policy, and handed same to the purchaser of the property. He put the envelope in his safe without examining the contents until fire destroyed the property, when, upon examination, he found that the insurance policy had not been transferred nor had the validating consent of the company been indorsed thereon. It was held that under such circumstances the company was estopped to deny that the change of the ownership of the property had not been with the consent of the company, evidenced in the manner required by the terms of the policy. The circumstances were such in that case as to lead the purchaser of the property to believe, and justified his reliance upon the belief, that the transfer of the policy had been properly executed, and that the company had evidenced its consent to such transfer in the manner required by the terms of the policy. Do any such facts exist in this case?

The insured is charged with knowledge of the provisions of the policy. He knew that by its terms it covered this property only while located in the building described in the policy, and that this provision in the policy could be changed only by a written agreement attached to the policy. Upon casually meeting the agent of the company on the street he informed him that he was going to move to Neenah. He did not tell him when he was going to move, he did not tell him

to what location in Neenah he intended to move, and he did not deliver to him the policy in order that the written agreement consenting to the change of location could be attached to the policy. He merely had the assurance of the agent that "it would be all right." He knew, however, that it could not be made "all right" except by written consent attached to the policy. He knew that no opportunity had been given to the agent to attach such an agreement. He had no reason whatever for believing that the terms and conditions of the policy had been waived in the manner required by the terms of the policy. He had no right to rely upon the belief that the insurance provided by the policy continued in force after the removal of his property from the location described in the policy. It is plain that there are no circumstances in the case which estopped the company from claiming a forfeiture of the policy.

Counsel for respondent argue that the company is estopped from claiming a forfeiture of the policy because it failed to return the unearned portion of the premium paid on the policy. In support of this proposition *Joliffe v. Madison Mut. Ins. Co.* 39 Wis. 111; *Erdmann v. Mutual Ins. Co.* 44 Wis. 376; *McQuillan v. Mutual R. F. L. Asso.* 112 Wis. 665, 87 N. W. 1069, 88 N. W. 925; and *Williams v. National Cas. Co.* 190 Wis. 442, 209 N. W. 597, are cited. These cases hold that the retention of money paid to an insurance company for an instalment due upon one of its policies, with knowledge of facts rendering the policy void, ratifies and affirms it as a subsisting obligation. Counsel cite no cases holding that the failure of an insurance company to return the unearned portion of a premium upon its obtaining information of facts constituting a forfeiture of the policy amounts to a waiver of the forfeiture or estops it from asserting the forfeiture. Manifestly the cases cited by the respondent do not support his contention. Such authorities as we have been able to find are rather to the contrary. *Farmers*

*Mut. Ins. Co. v. Home Fire Ins. Co.* 54 Neb. 740, 74 N. W. 1101; *Economic Life Asso. v. Spinney,* 116 Iowa, 385, 89 N. W. 1095, and cases there cited. These cases hold that the insured cannot maintain an action to recover the unearned premium paid on a forfeited insurance policy, and this we believe to be the settled doctrine. We can see no reason why one who has breached his insurance contract should be permitted to recover any portion of the premium which he has paid thereon. It cannot be said that there is a lack of consideration, because he has enjoyed insurance during the time the policy has been in force.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss the plaintiff's complaint.