JUDGE HARDIN
deliveked the opinion op the coukt.
The Kentucky Farmers Mutual Insurance Company, a corporation of which the late John H. Harney was a member at the time of his death, brought this suit in equity for the purpose of enforcing an alleged lien on a tract of land and building thereon, which were devised by said Harney to his widow, and sold and conveyed by her to John G. Mathers; the building and property of Harney having been insured by the plaintiff, for which he was indebted at his death in several sums assessed against him by the corporation, according to its charter and the terms of Harney’s contract of insurance.
A demurrer of Mathers to the petition was sustained and the action dismissed; and this appeal is prosecuted to reverse that judgment.
By the charter of the corporation the policy of Harney was rendered void, or at least voidable, at the option of the company, by the alienation of the property to Mathers. (Acts of 1857-8; Baer v. The Phoenix Insurance Co., 4 Bush, 242.) And the charter, besides imposing on each member of the corporation an obligation to pay his portion of its losses and expenses, provides as follows: “ All buildings insured by and with said company, together with the right, title, and interest of the assured,.to the lands on which they stand, shall be pledged to the company, and the company shall have a lien thereon against the assured during the continuance of his or her policies.”
If it be conceded, as we think it ought, that the provision of the charter declaring the policies of the company void upon the alienation of the property insured, except in particular contingencies, means only that they may thereby become void *25 where the right of exoneration is not waived by the insurer, and not at all events to become absolute nullities as to both parties; and if it be further conceded that the position of Mathers was that of a mere volunteer, or even an ordinary purchaser, with notice of the lien of the company, he should be treated as having accepted the title of Harney cum, onere, and under an implied trust for the satisfaction of the debt. Yet the important question remains to be determined whether a sale and conveyance of property insured to a bona fide purchaser without notice does not destroy the lien of the insurance company for the payment of the premium-note of the vendor or previous owner. It is worthy of consideration that, while the lien given by the charter relates by its terms only to the person insured, there is nothing in the charter from which we can infer that it was designed that the lien should operate against a subsequent purchaser, unless he should choose to continue the policy by taking an assignment of it in the manner prescribed. And the omission of the legislature to make any provision for giving notice to the public, by registration or otherwise, of the existence of the liens attaching to property, uhder said act of incorporation, upon the execution of private contracts of insurance, is an argument that it did not design to extend the lien to bona fide purchasers of insured property.
In the case of McCulloch and others against the Indiana Mutual Fire Insurance Company, 8 Blackford, 50, bearing a strong analogy to this so far as essential to this inquiry, the Supreme Court of Indiana held that the lien of the insurance company was lost by an alienation of the property insured; and the court, commenting on the private character of the books and papers of the corporation, said: “We can not believe it was the design of the legislature to subject purchasers to the operation of a lien the existence of which they had no sure means of ascertaining.”
*26 The principles of that decision were afterward affirmed by the same court in the case of The Indiana Mutual Fire Insurance Co. v. Cognillard and others, 2 Carter, 645; and, so far at least as they affect the essential question in this case, they seem to be in harmony with the general principles of equity governing and limiting the enforcement of statutory liens.
We are of the opinion therefore that the demurrer of Mathers was properly sustained.
Wherefore the judgment is affirmed.