Acton v. Farmers' Home Insurance Co.

CASE 87.—ACTION BY THE FARMERS' HOME INSURANCE
COMPANY AGAINST J. W. ACTON TO RECOVER
CERTAIN CALLS AND ASSESSMENTS ALLEGED
TO BE DUE.—February 21.

# Acton v. Farmers' Home Insurance Co.

124  677
f130  607

Appeal from Lincoln Circuit Court.

W. C. BELL, Circuit Judge.

From an order overruling a demurrer to the petition defendant appeals.   Reversed.

1. Insurance—Mutual Companies—Assessments—Actions—Petition.—A petition in an action by an insurance company organized under Ky. Stats., 1903, c. 32, subd. 5 (sections 702-722), to recover from a delinquent policy holder the amount of any assessment due, which does not aver the amount of the assessment, the necessity and purpose of it, and when and by whom it was made, is insufficient.

2. Same—Assessments—Notice—Tender of Policy for Cancellation.—Ky. Stats., 1903, section 711, relating to insurance companies provides that the secretary shall, within 30 days after any assessment has been made, notify every member of the corporation by written notice, stating the amount due the corporation from the members, the time when, and to whom, it shall be paid, and the use to be made of the money collected. Held, that this does not require notice to a member who tenders his policy for cancellation.

P. M. McROBERTS and H. HELM, attorneys for appellant.

### QUESTION OF LAW INVOLVED.

The provisions of the Statutes, or charter, are conditions precedent to the right of recovery by appellee (an assessment insurance company), of an assessment against appellant, and the petition, failing to show that any assessment had ever been made by its board of directors, or executive committee, or that it had

complied with any one of the provisions of sections 709 and 711, Ky. Stats., stated no cause of action, and should have been dismissed.

RAWLINGS & VORIS, attorneys for appellee.

### AUTHORITIES CITED.

Ky. Statutes, secs. 702, 707, 708, 709, 710, 711, 712, 716; Moore v. Bates, 2 Ky. Law Rep., 256.

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Reversing.

The principal question involved is the sufficiency of the petition to which a demurrer was entered and overruled. It is alleged that the appellee, plaintiff below, was organized under the provisions of subdivision 5, c. 32, of the Kentucky Statutes of 1903, embracing sections 702 to 722, inclusive, for the purpose of conducting a fire insurance company in certain named counties in Kentucky; that it issued to appellant, defendant below, in May, 1900, a policy of insurance, indemnifying him against loss by fire, wind, or lightning to his property; that in August, 1903, appellant returned his policy for cancellation, and notified the company of his intention of withdrawing from it; that "section 20 of the by-laws, which by-laws are made a part of the contract of membership, provides that any member of this company may withdraw at any time, giving the company thirty days' notice and surrendering his policy and paying his pro rata of all claims against the company at that time. Plaintiff states that it is provided in said by-laws and contract that it shall be the duty of the executive committee of the company to make calls or assessments each year, one on the third Tuesday of each January and one on the third Tuesday of July of each year, the call to be on the basis of thirty

cents on each hundred dollars of insurance. And that, by and under the terms and conditions of the contract and by-laws, the defendant, upon becoming a member of the company, became and was liable for each of such assessments and calls so long as he remained a member thereof. Plaintiff states that the defendant surrendered his policy and it was canceled on the date aforesaid, and at the time of the cancellation of the policy and the withdrawal of the defendant from the company there was due and owing by him for the proportionate part of the July, 1903, call the sum of 71 cents, and that he has failed and refused to pay the same or any part thereof, although payment has been demanded. Plaintiff states that the defendant has also failed and refused to pay his pro rata of the claims against the company at the time of his withdrawal from same and cancellation of his policy, which amounted to $14.10, and he is justly indebted to it in said amount, demand for which had been made and payment refused. It states that section 712 of the Ky. Stats., 1903, provides that an action may be brought by the company against any member thereof to recover all calls or assessments made by the company, and that, if the company is compelled to bring any suit to collect said call or assessment, it may recover the same with fifty per cent. thereof to be added as a penalty, for the refusal to pay within the time required. It states that the defendant has failed and refused to pay the assessments and pro rata of the claims against the company within the time required or at all, and that it has been compelled to bring this suit to collect the same, and the penalty amounts to $7.40.'' It further set up its lien upon the property insured, and asked for judgment for $23.23, the amount of principal, interest, and penalty. Judgment was rendered against appellant for the

amount claimed, less the penalty, and a lien was adjudged upon the property, covered by the insurance to secure the payment of the judgment.

Section 709 of the Ky. Stats., 1903, provides that: "should the amount of any loss or damage exceed the amount of money on hand such of its officers as may be authorized by the by-laws to do so shall convene the directors or executive committee, who may borrow money on the credit of the corporation sufficient to pay the loss, but no more, or make an assessment upon all the property, issued pro rata according to its classification, and according to the amount insured, sufficient to pay what the cash in hand falls short of paying, or for the whole loss or damages, as the directors or executive committee may decide to be for the best interest of the corporation. If the direct-ors or executive committee deem it to be for the best interests of the corporation, they may, with the authority of a majority in value of the insurance held by members of the corporation, conferred by reso-lution, by-law or otherwise previously given, make an estimate of such sums as in their judgment will be necessary to pay all losses, damages and expenses for the current year, and supply any deficiency in the preceding year, and proceed to assess, levy and collect the same of the members of the corporation, at such times, as, in their discretion, will be most advantage-ous to the corporation.  *  *  *  Not more than one such general assessment shall be made in any one year, nor shall any such assessment be made if more than ten per cent. of any previous assessment shall be in the treasury of the corporation, and not at the time required for losses actually suffered." Section 711 that: "the secretary shall within thirty days after any assessment has been made, notify every member of the corporation by written or printed notices

signed by him, stating the amount due the corporation from the members, the time when, and to whom, it shall be paid, and the use to be made of the money collected." Section 718 that: "every such corporation may make and enforce such by-laws not inconsistent with the laws of this State, nor those of the United States, by a vote of two-thirds of the directors at any meeting." The by-laws adopted by appellant provide, in section 13, that: "It shall be the duty of the executive committee to make two calls or assessments each year. One on the third Tuesday of January, and one on the third Tuesday of July of each year. The call to be on a basis of thirty cents on each one hundred dollars of insurance. The money so collected to be used for losses, expenses and to restore the reserve fund. Such call shall be made in whole or in part only when needed to pay losses or to restore the reserve fund." Under section 709 the directors or executive committee may borrow money on the credit of the corporation sufficient to pay any loss or may make an assessment upon all of the property sufficient to pay what the cash on hand falls short of paying, or for the whole loss or damage, in their discretion. They may also, under authority of this section, and with the assent of the requisite number of policy holders, make an estimate of such sums as in their judgment, will be necessary to pay all losses, damages, and expenses for the current year, as well as supply any deficiency in the preceding year. Under this section the directors or executive committee may make a single assessment to pay a loss or part of a loss, or a general assessment to cover generally losses, damages, and expenses, and supply deficiencies in the preceding year. The special assessments to defray a loss may be made at any time, but only one general assessment can be made in any

one year. The only authority to the corporation to make assessments is found in this section. and, in making assessments, the corporation is limited to the powers granted it. We find no authority in the statutes giving corporations of this character the right to make two assessments each year, unless they are necessary to pay losses. Therefore, the corporation had no power to enact section 13 of the by-laws, or to make two calls or assessments each year as therein provided. By-laws may be enacted by the corporation, prescribing in detail the duties, powers, and compensation of officers, and the mode and manner of making assessments, and relating to such other matters as may be necessary to direct and control the affairs of the corporation, but no by-law can be adopted in conflict with the statutes, nor can any by-law be enacted investing the corporation with authority to make larger assessments than those authorized by the statute, or assessments for purposes not therein designated. When it is sought to recover from a delinquent policy holder the amount of any assessment due, it is a condition precedent to the recovery that the corporation shall have complied with the statute in making the assessment, and therefore the petition should aver the amount of the assessment, the necessity and purpose of it, and when and by whom it was made, so that the policy holder may be informed of the exact nature of the demand against him, and make an issue concerning it if he desires. The petition in this respect is not sufficient. It merely avers the authority to make the assessment, but does not state in terms that the assessments were ever made, nor that they were necessary to pay losses, supply deficiencies, defray expenses, or repay borrowed money, or the other essential facts necessary to constitute a cause of action. The allegations that

"there was justly due and owing by him to the company for the proportionate part of July, 1903, call the sum of 71 cents," and that "he was justly indebted to it in the sum of $14.10," are mere conclusions of the pleader. American Mutual Aid Soc. v. Hellburn, 85 Ky., 1, 2 S. W., 495, 8 Ky. Law Rep., 627, 7 Am. St. Rep., 571.

We do not think it necessary that the company shall give to a member who tenders his policy for concellation the 30 days' notice of the assessment provided for in section 711. This notice is designed for the benefit of persons who continue to be members of the corporation. When a member, as authorized in section 716, desires to withdraw from the corporation, he may do so by surrendering his policy and paying his share of the claims against the corporation. And all that is required of the corporation is that it shall inform him at the time he asks to withdraw of the amount due by him. The officers of these corporations are invested with discretionary powers in the assessment of policy holders, and this discretion should be exercised strictly within the limits of the statute, and when an assessment is made, the policy holder is entitled to know the reason and necessity for it, and that it was made by the proper officers.

The demurrer to the petition should have been sustained. Wherefore the judgment is reversed for proceedings not inconsistent with this opinion.