CASE 75.—ACTION BY THE FARMERS HOME INSURANCE
CO. AGAINST LEANTIE G. CAREY AND OTHERS.—
. November 25.

# Farmers Home Ins. Co. v. Carey, &c-

Appeal from Mercer Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for defendants, plaintiff appeals—Affirmed.

1. Insurance—Mutual Fire Insurance—Lien—Notice.—Under Ky.
Stats., 1903 section 712, giving a co-operative insurance associ-
ation a lien upon property insured to secure assessments,
and providing that on loss the subsequent purchaser or
junior lienholder shall be entitled to the benefit of the in-
surance, the lien operates against a subsequent purchaser,
though without notice thereof at the time of purchase.

2. Insurance—Mutual Fire Insurance—Lien.—Ky. Stats., 1903,
section 712, giving a co-operative insurance company a lien
on the property insured to secure assessments and calls made
under the contract, does not provide a lien for membership
fees, but simply for assessments and calls.

3. Pleading—Petition—Conclusions.—Allegations in an action by
a co-operative insurance association to recover a delinquent
assessment, and enforce its lien therefor on the property
insured, that insured was indebted to the association in a
certain sum, it being his pro rata of the association's in-
debtedness at the time of the cancellation of his policy, and
that the proportion of the debt of the association to the
amount of insurance carried by insured calculated as required
by law was a certain sum, were mere conclusions of the
pleader, and insufficient to state a cause of action.

4. Insurance—Mutual Fire Insurance—Assessments—Actions—
Petition—Sufficiency.—To subject insured property to the
payment of the pro rata of insured of the indebtedness of a
co-operative insurance association, the petition must allege

Farmers Home Ins. Co. v. Carey, &c.

that such pro rata is based upon calls or assessments, and set up the facts showing the same to have been legally made.

C. E. RANKIN for appellant.

If appellee claims that he is a purchaser for value without notice, he must plead that fact affirmatively. Petition is good.

### AUTHORITIES CITED.

Acton v. Farmer's Home Insurance Co., 30 Ky. Law Rep. 919; Kentucky Statutes, secs. 702 to 722 inclusive; also secs. 2500 2463, &c.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

Plaintiff, Farmers' Home Insurance Company, is a co-operative fire insurance association organized under chapter 32, subd. 5, Ky. St. 1903. It insured the property of J. E. Donovan and Artemesia Donovan. located in Cornishville, Ky., for the sum of $400. Thereafter the Donovans sold the property to Leantie G. Carey. Plaintiff instituted this action to recover certain sums due by the Donovans at the time their policy was canceled. It also seeks to enforce its lien given by the statute on the property purchased by Leantie G. Carey and described in the petition. The petition, after setting forth very fully the provisions of the Kentucky Statutes, applicable to co-operative insurance associations, its by-laws, and the provisions of the policy, seeks to recover the sum of $2.87. being the amount of membership fee due by the Donovans and evidenced by their note of April 28, 1902, payable on June 28, 1902. It then sets forth certain calls or assessments made by the executive. committee of the company, but leaves the amount of such calls or assessments blank. The petition fur-

ther states: "Plaintiff, further pleading, says that the defendant is indebted to said company in the further sum of $17.49, it being the defendant's pro rata of the company's indebtedness at the time of the cancellation of his policy." The petition also seeks judgment for interest on the note given for membership fee, amounting to 95 cents, and interest on the pro rata of indebtedness, amounting to $3.15; the entire interest amounting to $4.10. It also seeks to recover the penalty of 50 per cent. on the amounts due provided by the statute in case an action has to be brought for the collection of such sums. Leantie G. Carey and her husband demurred to the petition, and their demurrer was sustained. Thereupon plaintiff filed an amended petition stating that the defendants' (Donovans') note for $2.87 was given for their membership fee. After setting out other matters, which it is not necessary to mention, the petition also states that "the proportion of the indebtedness of the association, to the amount of insurance carried by the defendants, calculated as is required by law, was the sum of $17.49." The defendants, Leantie G. Carey and her husband, demurred to the amended petition, and, their demurrer being sustained, the petition and amended petition were dismissed, and plaintiff appeals. No brief is filed by counsel for appellees but counsel for appellant states that the lower court sustained the demurrer to the petition and amended petition because it was not alleged that the defendants, Leantie G. Carey and her husband, had notice of the existence of a lien at the time they purchased the property.

The first question to be considered is whether or not such notice was necessary in order that appellant's claim for assessments and calls against the

Donovans might be enforced against the property purchased. The case of Kentucky Farmers' Mutual Insurance Co. v. Mathers, etc., 7 Bush, 23, 3 Am. Rep. 286, involved the question whether or not appellant's charter gave to it a lien on property subsequently purchased by a party without notice. In that case the provision of the statute was as follows: "All buildings insured by and with said company, together with the right, title, and interest of the assured to the lands on which they stand, shall be pledged to the company, and the company shall have a lien thereon against the assured during the continuance of his or her policies." This court held that there was nothing in the charter of appellant in that case from which it could be inferred that it was designed that the lien should operate against a subsequent purchaser, unless the latter should choose to continue the policy by taking an assignment of it in the manner prescribed. The present statute (being a part of section 712, Ky. St. 1903) goes far beyond the provision of the charter under consideration in that case. Its language is as follows: "The corporation shall have a lien upon property insured to secure the payments of such assessments and calls as may be legally made under the contract of insurance, and in case of loss, the subsequent purchaser, or junior lienholder, shall be entitled to the benefit of the insurance, and to the rights, benefits and privileges of the original insurer to the extent of his interest in the property." Here the Legislature has plainly indicated that the lien provided should extend to the property even in the hands of a subsequent purchaser or junior lienholder. Protection is afforded the subsequent purchaser by providing that the rights, benefits, and privileges of the original

insurer should inure to the benefit of the subsequent purchaser. We therefore conclude that the lien was given without reference to whether or not the subsequent purchaser had notice of the existence of the policy or of the fact that a lien was claimed. That this view is correct we think may be gathered from the character of the insurance association contemplated in the act of the Legislature. Such insurance companies are purely mutual and co-operative. The only funds which they have arise from the assessments and calls which may be legally made upon the members. If these assessments or calls could be defeated by a sale of the property, it would not be long before such a company would necessarily become insolvent. We think the statute itself is sufficient notice of the fact that a lien on the property purchased may be claimed, and that a subsequent purchaser buys the property with the risk of having it subjected to the payment lawfully due the insurance company by his grantor by reason of calls or assessments that have been legally made. So far, then, as the question of notice is concerned, we are of opinion that the petition and amended petition stated a cause of action against appellees.

However, we are of opinion that the petition and amended petition are defective in other respects. The statute does not provide a lien for membership fees. It simply provides a lien for such assessments and calls as may be legally made under the contract of insurance. As stated above, in alleging circumstances under which the calls of assessments were made, the amount of the calls or assessments was left blank. Furthermore, the allegations of the petition and amended petition with reference to the Donovans' pro rata of the company's indebtedness at

the time of the cancellation of the policy, as set out above, are mere conclusions of the pleader, and do not state facts sufficient to constitute a cause of action. Acton v. Farmers' Home Insurance Company 124 Ky. 677, 30 Ky. Law Rep. 919, 99 S. W. 955. In addition to this no lien is given for mere pro rata of indebtedness not founded upon calls or assessments legally made. In order to subject the property of appellees to the payment of the Donovans' pro rata of indebtedness at the time of the cancellation of the policy it should have been made to appear in the petition or amended petition that such pro rata of indebtedness was based upon calls or assessments that had been legally made and the facts showing that the calls or assessments were legally made should have been fully set forth.

As the statute does not provide a lien for membership fees and as the pro rata of indebtedness is not shown to have been based upon calls or assessments which were legally made it necessarily follows that the appellant has not shown itself entitled to a lien upon the property purchased by Leantie G. Carey. For these reasons then the trial court properly sustained a demurrer to the petition and amended petition.

Judgment affirmed.